AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: EASTERN DISTRICT OF CALIFORNIA | |
|---|---|---|
| Name: TOSSIE BENNETT-AN "ADA" DOB 4/8/1934 | Prisoner No.: D-72735 | Case No.: STATE SUP. NO:S155733 |

Place of Confinement
C.S.P. SOLANO II,15-F5L
P. O. BOX 4000
VACAVILLE, CA. 95696-4000

07-2367 GEB GGH

Name of Petitioner (include name under which convicted)
TOSSIE BENNETT,
PETITIONER,
(Petitioner)

VS.

D.K. SISTO,WARDEN,
LINDA SHELTON,PRESIDING COMM.,
JAMES NIELSEN,DEPUTY COMM.,
MILTON SIMS,DEPUTY D.A.,
MICHAEL BROWN,SERVICES REPRESENTATIVE,
KENNETH GRIFFIN,VICTIMS'S BROTHER,
MARIE HAYWOOD,VICTIM'S MOTHER,
ESHA MAE BROWN,VICTIM'S DAUGHTER,
BOARD OF PAROLE HEARINGS,
et al RESPONDENTS,

The Attorney General of the State of: EDMUND G. BROWN JR.,

1. Name and location of court which entered the SUPERIOR COURT,SOUTH CENTRAL DISTRICT,COMPTON COURTHOUSE,200 W.COMPTON BLVD.,NO:406, COMPTON,CALIFORNIA 90220.

2. Date of judgment of conviction DECEMBER 9,1987;CONVICTION NOVEMBER 3,1987.

3. Length of sentence A TERM OF 15 YEARS TO LIFE;TWO YEARS ENHANCEMENT FOR WEAPON-A GUN.

4. Nature of offense involved (all counts) DEFENDANT WAS FOUND GUILTY BY A JURY;ONE COUNT SECOND DEGREE MURDER;TWO YEARS ENHANCEMENT FOR USE OF FIREARM.

5. What was your plea? (Check one)
   (a) Not guilty ■
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   NA.
   NA.

FILED
NOV - 5 2007
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ■
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes No ■ NO!

8. Did you appeal from the judgment of conviction?
   Yes ■ No ☐
   OTHER-ADMISTRATIVE (BPH) DEFERRAL OF PAROLE. HABEAS CLAIMS ARE EXHAUSTED AND RIPE TO BE HEARD.

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES.

(b) Result HABEAS CORPUS REVIEW DENIED.

(c) Date of result and citation, if known WRIT NO:BH004470 DENIED MAY 4,2007.

(d) Grounds raised PETITIONER RAISED THE SAME GROUNDS IN THE SUPERIOR COURT AS IN THE INSTANT HABEAS PETITION EXCEPT HABEAS CLAIM NO.5.

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court IN THE COURT OF APPEAL SECOND APPELLATE DISTRICT.

(2) Result HABEAS CORPUS REVIEW DENIED.

SEE COURT ORDER ATTACHED **EXHIBIT "B"**.

(3) Date of result and citation, if known WRIT NO:B201127 DENIED AUGUST 16,2007.

(4) Grounds raised PETITIONER RAISED THE SAME 5 GROUNDS IN THE COURT OF APPEAL AS IN THE INSTANT HABEAS PETITION NOW BEFORE THE COURT FOR REVIEW.

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court IN THE SUPREME COURT OF CALIFORNIA.

(2) Result PETITION FOR REVIEW DENIED WITHOUT A FACTFINDING HEARING VIOLATES SUBSTANTIVE PROCEDURAL DUE PROCESS UNDER THE **"ACT"**

(3) Date of result and citation, if known SUPREME COURT NO:S155733 DENIED 10/24/07.

(4) Grounds raised PETITIONER RAISED THE SAME 5 GROUNDS IN THE STATE SUPREME COURT AS IN THE INSTANT HABEAS PETITION FOR REVIEW.

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes ■ No ☐ HABEAS PETITION PENDING NO:2:06-CV-00635 MCE DAD FILED MARCH 27,2006.

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court NA.

(2) Nature of proceeding NA.

NA.

(3) Grounds raised NA.

NA.

AO 241 (Rev. 5/85)

NA.

NA.

NA.

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐ No ■ THE STATE COURTS DECISIONS ARE WRONG AND UNREASONABLE UNDER THE FACTS AND LAW PRESENTED.

(5) Result NA.

(6) Date of result NA.

(b) As to any second petition, application or motion give the same information:

(1) Name of court NA.

(2) Nature of proceeding NA.

NA.

(3) Grounds raised NA.

NA.

NA.

NA.

NA.

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐ No ■

(5) Result NA.

(6) Date of result NA.

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc. Yes ■ No ☐

(2) Second petition, Yes ■ No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

NA.

NA.

NA.

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(I) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: SEE EXTRA PAGE FOR GROUND ONE.

Supporting FACTS (state *briefly* without citing cases or law)

SEE EXTRA PAGE FOR SUPPORTING FACTS.

B. Ground two: SEE EXTRA PAGE FOR GROUND TWO.

Supporting FACTS (state *briefly* without citing cases or law):

SEE EXTRA PAGE FOR SUPPORTING FACTS.

EXTRA PAGE

**HABEAS GROUND ONE**

THE BOARD OF PAROLE HEARING FOUR YEARS DEFERRAL OF PAROLE WAS BASED ON THE COMMITMENT OFFENSE AND FROZEN DISCIPLINARY AS **"SOME EVIDENCE"** VIOLATES PRISONER'S VESTED RIGHTS/INTEREST AND CONSTITUTIONAL PROTECTED DUE PROCESS LIBERTY INTEREST IN RELEASE ON PAROLE UNDER CPC STATUTES GENERAL CPC STATUTES EXPOSITORY AND CPC STATUTES DECLARATORY.

**GROUND ONE Supporting FACTS:** There must be some indicia of reliability of infomation that forms basis for BPH to defer parole release. Petitioner is entitled to certain clearly established procedural safefuards that is lacking due process law of notice that commitment offense and frozen disciplinary will be used to deny parole release.

**HABEAS GROUND TWO**

THE BOARD OF PAROLE HEARING HAS AND CONTINUE TO RESTATE MANIPULATE TRANSFORM AND CONVERT THE INSTANT TERM OF 17 YEARS TO LIFE TO LIFE WITHOUT THE POSSIBILITY OF PAROLE BY USING EGREGIOUS INAPPLICABLE CRITERIA UNDER SPECIAL CIRCUMSTANCES ELEMENTS FACTORS-**CRUEL, CALLOUS, CALCULATED, DISPASSIONATE, TRIVIAL** AS SOME EVIDENCE UNDER THIS BOARD HAS A POLICY OF NO PAROLE FOR THOSE INMATES WHO DO NOT ADMIT CULPUBILITY OF A CRIME IN VIOLATION OF THE RULE EXPRESSED UNDER **APPRENDI, BLAKELY AND BOOKER.**

**GROUND TWO Supporting FACTS:** It is well established law that commitment offense carried out in a **cruel, callous, calculated, dispassionate, trivial** manner are aggravating factors elements that carries the death penalty and or life without the possibility of parole under **Proposition 7 Death Penalty Initiative.**

**HABEAS GROUND THREE**

THE BOARD OF PAROLE HEARINGS FOUR YEARS DEFERRAL OF PAROLE IS UNCONSTITUTIONAL AND VIOLATES SUBSTANTIVE PROCEDURAL DUE PROCESS LAW UNDER THE LEGISLATURE INTENT AND CONTRARY TO THE **MORALES** DECISION AND CONTRARY TO THE NUMBER OF VICTIMS-(ONE) IN THE INSTANT OFFENSE RESULTS THE BPH IS INCREASING PUNISHMENT AND IMPRISONMENT.

**GROUND THREE Supporting FACTS:** The BPH four years deferral of parole is in error and have no application here. The instant offense occurred in 1987 and only **one victim.**

**HABEAS GROUND FOUR**

THE BOARD OF PAROLE HEARINGS COMMISSIONERS AND CDCR OFFICIALS LIFE PRISONERS SCHEME UNDER CPC 3042 IS INADEQUATE AND DO NOT AFFORD DUE PROCESS LAW AND EQUAL PROTECTION OF THE LAW TO PAY THE COST FOR VICTIMS OF CRIME TO ATTEND PAROLE SUITABILITY HEARINGS WITHOUT GIVING PRISONER DUE PROCESS NOTICE THAT VICTIMS NEXT OF KIN WILL ATTEND THE HEARING TO OPPOSE RELEASE ON PAROLE.

**GROUND FOUR Supporting FACTS:** It is well established that CDCR and BPH Officials are the Sponsors for Victims Rights Groups to attend parole suitability hearings to oppose parole for petitioner et al so called lifers that have exceed the matrix and not to find prisoner suitable for parole because s/he has exceeded the matrix with earned applied **one-third and half-time credits.**

**HABEAS GROUND FIVE**

THE SUPERIOR COURT DENIED HABEAS CORPUS REVIEW IN LIGHT OF THE RECORD PRESENTED BY PETITIONER WITHOUT FACTFINDING AND **"SOME EVIDENCE"** TO SUPPORT THE BOARD'S DECISION IS CLEARLY **"WRONG"** AND **UNREASONABLE** PURSUANT TO THE "ACT" OF APRIL 24, 1996. SEE **IN RE** SMITH(2003)109 CA4th 489.

**GROUND FIVE Supporting FACTS:** Petitioner is entitled to full fair determination.

AO 241 (Rev. 5/85)

C. Ground three: SEE EXTRA PAGE FOR GROUND THREE.

Supporting FACTS (state *briefly* without citing cases or law):

SEE EXTRA PAGE FOR SUPPORTING FACTS.

D. Ground four: SEE EXTRA PAGE FOR GROUNDS FOUR AND FIVE.

Supporting FACTS (state *briefly* without citing cases or law):

SEE EXTRA PAGE FOR SUPPORTING FACTS.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: NA.

NA.

NA.

NA.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ■ No ☐ SEE PENDING HABEAS PETITION NO:2:06-CV-00635 MCE DAD.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing NA.

NA.

(b) At arraignment and plea NA.

NA.

AO 241 (Rev. 5/85)

(c) At trial NA.

NA.

(d) At sentencing NA.

NA.

(e) On appeal NA.

NA.

(f) In any post-conviction proceeding NA.

NA.

(g) On appeal from any adverse ruling in a post-conviction proceeding NA.

NA.

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐ No ■

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ■

(a) If so, give name and location of court which imposed sentence to be served in the future: NA.

NA.

(b) Give date and length of the above sentence: NA.

NA.

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐ NA.

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Jossie Bennett
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed

OCTOBER 31ST 2007
(date)

Jossie Bennett
Signature of Petitioner

Court of Appeal, Second Appellate District, Div. 1 - No. B201127
**S155733**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re TOSSIE BENNETT on Habeas Corpus

---

The petition for review is denied.

SUPREME COURT
FILED

OCT 24 2007

Frederick K. Ohlrich Clerk

Deputy

GEORGE
Chief Justice

# *** PATIENT PROFILE AS OF 10/31/2007 ***

Includes All prescriptions from 5/4/2007

*Discontinued Drugs are Marked with **

**D72735 BENNETT, TOSSIE**

| START | STOP | Refill | DRUG | Sig | DR |
|---|---|---|---|---|---|
| 10/2/2007 | 3/30/2008 | Y | ENTERIC ASPIRIN 81MG | 1 TAB DAILY AR | TAN, RICHARD |
| 10/2/2007 | 3/30/2008 | Y | ENALAPRIL 10MG | 1 TAB DAILY *INCREASED* AR | TAN, RICHARD |
| 10/2/2007 | 3/30/2008 | Y | METOPROLOL 25MG | 1 TAB 2 TIMES A DAY *INCREASED* AR | TAN, RICHARD |
| 10/2/2007 | 3/30/2008 | N | OMEPRAZOLE 20MG CAP | 1 CAP DAILY RR | TAN, RICHARD |
| 10/2/2007 | 3/30/2008 | N | ALBUTEROL INH 17G | SHAKE WELL/INHALE 2 PUFFS 4 TIMES DAILY. RR | TAN, RICHARD |
| 10/2/2007 | 3/30/2008 | Y | SIMVASTATIN 40MG | 1 TAB EVERY EVENING AR | TAN, RICHARD |
| 9/25/2007 | 12/18/2007 | N | ACETAMINOPHEN 325MG | 2 TABS 2 TIMES DAILY AS NEEDED FOR PAIN RR | MAHON,FNP/NORIE |
| 10/11/2007 | 12/18/2007 | N | LORATADINE 10MG | 1 TAB EVERY DAY RR | MAHON,FNP/NORIE |
| 9/25/2007 | 12/18/2007 | Y | TERAZOSIN 2MG CAP | 1 CAP AT BEDTIME *INCREASED* AR | MAHON,FNP/NORIE |
| 9/25/2007 | 12/18/2007 | N | CLOTRIMAZOLE CREAM 1 % | APPLY TO FEET 2 TIMES DAILY RR | MAHON,FNP/NORIE |
| 9/25/2007 | 12/18/2007 | N | FIBER-LAX TABS | 2 TABS WITH A FULL GLASS OF WATER 2 TIMES DAILY RR | MAHON,FNP/NORIE |
| 9/25/2007 | 12/18/2007 | N | TRONOLANE CREAM 28GM | APPLY 2 TIMES DAILY AFTER EACH BOWEL MOVEMENT RR | MAHON,FNP/NORIE |
| 9/25/2007 | 12/18/2007 | N | GUAIFENESIN/DM 600/30MG | 2 TABS TWICE DAILY RR | MAHON,FNP/NORIE |
| 11/28/2007 | 11/29/2007 | N | MAGNESIUM CITRATE 10OZ | 2 BOTTLES PO @ 2PM NPO AFTER 2PM ON 11/29/07 | SOGGE, M |
| 11/28/2007 | 11/29/2007 | N | GOLYTELY ORAL SOLUTION | 2L/HR PO @ 6PM ON 11/29 GIVE 4L TOTAL | SOGGE, M |
| 10/1/2007 | 10/31/2007 | N | IPRATROPIUM .02% SOL UD | UD BID PRN W/ALBUTEROL VIA HHN ****DOT**** | TAN, RICHARD |
| 10/1/2007 | 10/31/2007 | N | ALBUTEROL SOL UD2.5MG/3ML | UD BID PRN W/IPRATROPIUM VIA HHN ***DOT*** | TAN, RICHARD |
| 10/2/2007 | 10/30/2007* | Y | METOPROLOL 25MG | 1 TAB 2 TIMES A DAY *INCREASED* AR | TAN, RICHARD |
| 10/2/2007 | 10/30/2007* | Y | ENTERIC ASPIRIN 81MG | 1 TAB DAILY AR | TAN, RICHARD |
| 10/2/2007 | 10/30/2007* | Y | ENALAPRIL 10MG | 1 TAB DAILY *INCREASED* AR | TAN, RICHARD |
| 10/2/2007 | 10/30/2007* | Y | SIMVASTATIN 40MG | 1 TAB EVERY EVENING AR | TAN, RICHARD |
| 9/25/2007 | 10/23/2007* | Y | TERAZOSIN 2MG CAP | 1 CAP AT BEDTIME *INCREASED* AR | MAHON,FNP/NORIE |
| 9/25/2007 | 10/23/2007* | N | ACETAMINOPHEN 325MG | 2 TABS 2 TIMES DAILY AS NEEDED FOR PAIN RR | MAHON,FNP/NORIE |
| 10/11/2007 | 10/23/2007* | N | LORATADINE 10MG | 1 TAB EVERY DAY RR | MAHON,FNP/NORIE |
| 10/2/2007 | 10/18/2007* | N | OMEPRAZOLE 20MG CAP | 1 CAP DAILY RR | TAN, RICHARD |
| 10/2/2007 | 10/18/2007* | N | ALBUTEROL INH 17G | SHAKE WELL/INHALE 2 PUFFS 4 TIMES DAILY. RR | TAN, RICHARD |
| 9/25/2007 | 10/10/2007* | N | LORATADINE 10MG | 1 TAB EVERY DAY RR | MAHON,FNP/NORIE |
| 7/11/2007 | 10/9/2007* | N | ETODOLAC 400MG | 1 TAB TWICE DAILY (WITH FOOD) RR | MAHON,FNP/NORIE |



Printed Date: 10/31/2007

Rx File Date: 6/28/2007

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TOSSIE BENNETT, AN **"ADA" DOB** 4/8/1934

v.

Case Number: **STATE SUPREME COURT NO:S155733**

**D. K. SISTO, WARDEN,**

**BOARD OF PAROLE HEARINGS,**

**et al RESPONDENTS.,**

**PROOF OF SERVICE**

I hereby certify that on OCTOBER 31ST, 2007, I served a copy

of the attached PETITION FOR WRIT OF HABEAS CORPUS AND APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER.**(EXHIBIT "A" & "B")** ENCLOSED.

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by

depositing said envelope in the United States Mail at C.S.P. SOLANO LEVEL II.:

**(List Name and Address of Each Defendant or Attorney Served)**

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
501 I STREET, SUITE 4-200
SACRAMENTO, CA. 95814-2322

Clerk,the **Five Dollar** filing fee will be paid through my correctional counselor in a seperate envelope addressed to the Clerk of the Court.Said counselor will process filing fee when he get around tuit.Petitioner humbly asks the honorable court to issue an Order appointing an attorney from the federal defender or private attorney to attain due process law and a release date.Petitioner is an **"ADA" Triple By Pass Heart Surgery,High Blood Pressure and** walk with a cane.The end of justice requires an attorney.Please return filed copy in the enclosed sase.

I declare under penalty of perjury that the foregoing is true and correct.

Tossie Bennett

(Name of Person Completing Service)
**TOSSIE BENNETT,D-72735**

S155733

COPY

LOS ANGELES SUPERIOR COURT CASE
NO.A642576

COURT OF APPEAL SECOND APPELLATE DISTRICT
CASE NO.B201127

RECEIVED
AUG 27 2007
CLERK SUPREME COURT

SOLANO COUNTY SUPERIOR COURT CASE
NO.FCR 239274

IN THE SUPREME COURT FOR THE STATE OF CALIFORNIA

| | |
|---|---|
| TOSSIE BENNETT, | CAL.RULES OF COURT 27(b)(c) |
| | CAL.RULES OF COURT 28 |
| PETITIONER-APPELLANT, | CAL.RULES OF COURT 33.3 |
| | CAL.RULES OF COURT 37(c) |
| VS. | CAL.RULES OF COURT 63(c) |
| | CAL.RULES OF COURT 107(c) |
| D.K..SISTO,WARDEN, | CAL.RULES OF COURT 976(d) |
| LINDA SHELTON,PRESIDING COMM., | |
| JAMES NIELSEN,DEPUTY COMM., | |
| MILTON SIMS,DEPUTY D.A., | |
| MICHAEL BROWN,SERVICES REPRESENTATIVE, | |
| KENNETH GRIFFIN,VICTIM'S BROTHER, | |
| MARIE HAYWOOD,VICTIM'S MOTHER, | |
| ESHA MAE BROWN,VICTIM'S DAUGHTER, | |
| BOARD OF PAROLE HEARINGS, | |
| et al RESPONDENTS, | |

SUPREME COURT
FILED
AUG 27 2007
Frederick K. Ohlrich Clerk
DEPUTY

ON APPEAL FROM A DENIAL OF PETITION
FOR WRIT OF HABEAS CORPUS IN THE COURT
OF APPEAL SECOND APPELLATE DISTRICT
DIVISION ONE

PETITION FOR REVIEW AND GROUNDS FOR
REVIEW AND SUGGESTION FOR REVIEW UNDER
AN EVIDENTIARY HEARING

TOSSIE BENNETT
D-72735
CSP-SOLANO II
15-F-5L
P. O. BOX 4000
VACAVILLE,CA. 95696-4000

PETITIONER-APPELLANT
IN PROPRIA PERSONA

EXHIBIT "B"
FEDERAL RULES OF EVIDENCE
RULE 201.

**This petition concerns:**

[ ] A conviction [x] Parole

[ ] A sentence [x] Credits

[ ] Jail or prison conditions [ ] Prison discipline

[x] Other *(specify)*: BPH OFFICIALS USES ILLEGAL & UNLAWFUL LIFE PRISONERS SCHEME TO DEFER RELEASE ON PAROLE.

1. Your name: TOSSIE BENNETT, D-72735.

2. Where are you incarcerated? C.S.P. SOLANO LEVEL II, VACAVILLE, CALIFORNIA.

3. Why are you in custody? [x] Criminal Conviction [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

PETITIONER WAS FOUND GUILTY BY JURY TRIAL: ONE COUNT SECOND DEGREE MURDER: TWO YEARS ENHANCEMENT FOR USE OF FIREARM.

b. Penal or other code sections: CPC STATUTES §§190, 12022.5.

c. Name and location of sentencing or committing court: SOUTH CENTRAL DISTRICT, COMPTON COURTHOUSE, 200 W.COMPTON BLVD., #406, COMPTON, CALIFORNIA 90220.

d. Case number: COMPTON SUPERIOR COURT CASE NO. A642576.

e. Date convicted or committed: CONVICTED NOVEMBER 2, 1987.

f. Date sentenced: SENTENCED DECEMBER 9, 1987.

g. Length of sentence: A TERM OF 15 YEARS TO LIFE WITH TWO YEARS ENHANCEMENT FOR USE OF WEAPON-FIREARM.

h. When do you expect to be released? BPH/CDCR OFFICIALS RESTATE RELEASE INTO LIFE WITHOUT THE POSSIBILITY OF PAROLE.

i. Were you represented by counsel in the trial court? [x] Yes. [ ] No. If yes, state the attorney's name and address:

MR. JOHN J. CHEROSKE, PRIVATE ATTORNEY, TODATE A SUPERVISING HONORABLE JUDGE AT SOUTH CENTRAL DISTRICT, COMPTON COURTHOUSE, 200 W.COMPTON BLVD., COMPTON, CALIFORNIA 90220.

4. What was the LAST plea you entered? *(check one)*

[x] Not guilty [ ] Guilty [ ] Nolo Contendere [ ] Other: ____

5. If you pleaded not guilty, what kind of trial did you have?

[x] Jury [ ] Judge without a jury [ ] Submitted on transcript [ ] Awaiting trial

GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

**HABEAS GROUND 1:**

THE BOARD OF PAROLE HEARINGS FOUR YEARS DEFERRAL OF PAROLE WAS BASED ON THE COMMITMENT OFFENSE AND FROZEN DISCIPLINARY AS **"SOME EVIDENCE"** VIOLATES PRISONER'S VESTED RIGHTS/INTEREST AND CONSTITUTIONAL PROTECTED DUE PROCESS LIBERTY INTEREST IN RELEASE ON PAROLE UNDER CPC STATUTES GENERAL CPC STATUTES EXPOSITORY AND CPC STATUTES DECLARATORY.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

1. Petitioner contends inter alia that he is entitled to habeas corpus review and relief because the Board uses the **"Commitment Offense"** and frozen disciplinary as **"Some Evidence"** to defer parole for four years. **Presiding Commissioner Shelton:** The offense was carried out in an especially cruel and callous manner. It was carried out in a calculated manner, dispassionate manner and demonstrated a callous disregard for human suffering, along with very trivial motivation is not true. (SEE TRANSCRIPT AT PAGE 24, 29, EXHIBIT "A"). The Some Evidence in this case is a bare assertion in support of respondents policy of no parole for those inmates who do not admit culpability of a crime for which they/he have been convicted. (SEE TRANSCRIPT AT PAGE 4 EXHIBIT "A").

2. **Some Evidence-California Evidence Code §140-Deering's Codes Anno-**

**(HABEAS GROUND 1: CONTINUE ON NEXT PAGE)**

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

THE EVIDENCE UNDERLYING THE BPH DECISION MUST HAVE SOME INDICIA AND NOT FROZEN EVIDENCE AND MUST BE IN ACCORDANCE UNDER AFFIRMATIVE CAL.EVID, CODE §§140,190,210,250 AND SUBSTANTIAL EVIDENCE. SEE **BIGGS V. TERHUNE** (9th Cir.2003) 334 F.3d 910, 915-917; **JANCSEK V. OREGON BOARD OF PAROLE** (9th Cir. 1987) 833 F.2d 1389-1390; **IN RE SMITH** (2003) 114 CA4th 343, 372; **IN RE SCOTT** (2005) 133 CA4th 573, 598.

HABEAS CORPUS GROUND/CLAIM 1:

**tated;**Evidence means testimony,writing,material objects or other things presented to the senses that are offered to prove the existence or nonexistence of a fact is lacking under the BPH'S decision and commitment offense.See PEOPLE V.ALEXANDER(1963)212 CA2d 98;Enacted Stats 1965 ch 299 §2.Operative January 1,1967.**Cal.Evid.Code §140-Substantial Evidence;**Substantial evidence is not any evidence to achieve substance,the evidence must be reasonable in nature,credible and of solid value.See **LANE & PYRON,INC.V.GIBBS**(1968)266 CA2d 61.Substantial Evidence is evidence of penderable legal significance.It must be reasonable in nature,credible or solid value and substantial proof of the essentials required by law in a given case The some evidence here is "Horse Pucky" adnauseam and precedential for **CCPOA** and their Special Interest Hate Groups and Victims of **"So Called agenda-Life Prisoners Scheme-Life Means Life,Pinebox Parole** to deny parole adinfinitum.See **BLACK V.SHERARSON,HAMMILL & COMPANY**(1968)266 CA2d 362.

3. The term **Substantial Evidence**,cannot be deemed **Synonymous** with any evidence,it clearly implies that such evidence must be of ponderable legal significance,it must be reasonable in nature,credible and of solid value.It must actually be **"Substantial Proof"** of the essentials which the law requires in a particular case is lacking in this case at bar.See **PEOPLE V.EISENBERG**(1968)266 CA2d 606.Substantial evidence means more than mere **"Scintilla"**.It means such relevant evidence as a reasonable man might accept as adequate to support a conclusion and improbable conclusion will be sustained where testimony is at variance with the physical facts and the repugnance is material and self-evident.See **UNITED PROFESSIONAL PLANNING,INC. V.SUPERIOR COURT**(1970)9 CA3d 377;**BARON V.BARON**(1970)9 CA3d 933.

HABEAS CORPUS GROUND/CLAIM 1:

4. CAL.EVIDENCE CODE §190-PROOF;Proof is the establishment by evidence of a requisite degree of belief concerning a fact in the mind of the trier of fact or the court.CAL.EVIDENCE CODE §210-RELEVANT EVIDENCE;Means evidence including evidence relevant to the credibility of a witness or hearsay declarant having any tendency in reason to prove any disputed fact that is of consequence to the determination of the action.Enacted Stats 1965 ch 299 §2.Operative January 1,1967.CAL.EVIDENCE CODE §250-WRITING;Enacted same date as the above mention evidence code;Amended Stats 2002 ch 945 §1 (AB-1962).

5. The BPH four years deferral of parole violates petitioner's "Vested Interest" An existing Right or Title to something,even though the right of possession or enjoyment may not take place until some future time(PAROLE RELEASE).The BPH violates "Vested Right" A privilege or Right guaranteed by the government,which cannot be taken away arbitrarily without performing an injustice as here.The BPH violates CPC Statute General;A law applying to everyone,as distinguished from a law that applies only to a few,or to a special circumstance.The BPH violates CPC Statutes Expository;A statute that contains words setting forth its true intent and meaning.The BPH violates CPC Statute Declaratory;A law passed by a legislature to put an end to confusion or doubts about what the legal Ruling are in a particular matter as here for release on parole.

6 Petitioner contends the BPH four years deferral of parole violates the above mention CPC Statutes under affirmative **CPC Statutes §§190,2930-2935,3000,3065,**provide that the Board "**Shall**" release a prisoner unless it concludes that reasons require otherwise substantial evidence under **"Bad Behavioral"(AD-SEG)**in prison which is lacking in the instant case under Some evidence.The United States

Supreme Court in GREENHOLTZ & ALLEN and the Ninth Circuit in McQUI-LLION & BIGGS,held that the mandatory nature of the above CPC Statutes created an expectancy of release or liberty interest which was is entitled to some constitutional protection.It is well established that a prisoner's incarceration creates a liberty interest in release on parole.See OLIM V.WAKINEKONA(1983)461 U.S.238;WOLFF V. McDONNELL(1974)418 U.S.539.Regulations governing work,participation in programs and good behavior requiring prisoners to meet certain criteria for eligibility created liberty interest in release on parole.

7. California statutes mandating parole once all statutory and regulatory guidelines are met created liberty interest for prisoners. California's statutes providing that prisoners "Shall"be eligible for release on parole at any time after the service of "Two-Third" of my sentence created liberty interest protected by due process. See BERMUDEZ V.DUENAS(9th Cir.1991)936 F.2d 1064,1076;GREENHOLTZ, 442 U.S.AT 11-12;HARRIS V.THIGPEN(11th Cir.1991)941 F.2d 1495;MORRISSEY V.BREWER(1972)408 U.S.471,481;MATHEWS V.ELDRIDGE(1976)424 U.S 319,335;BOARD OF PARDONS V.ALLEN(1987)482 U.S.369,376-378,holding a state's statutory parole scheme that uses mandatory lanhuage creates a presumption that parole release will be granted upon certain circumstances or findings giving rise to a constitutionally due process protected liberty interest.See McQUILLION V.DUNCAN(9th Cir. 2002)306 F.3d 895,902-903 n.1,holding that because California's parole scheme uses mandatory language and is largely parellel to the schemes found in ALLEN,GREENHOLTZ and SASS V.CALIFORNIA BOARD OF PRISON TERMS(E.D.Cal.2005)376 F.SUPP.2d 975 to give rise to a due process protected liberty interest in release on parole. See

HABEAS CORPUS GROUND/CLAIM 1:

IN RE WEN LEE(2006)143 CA4th 1400;IN RE SCOTT(2005)133 Ca4th 573, 595;IN RE LOWE(2005)130 CA4th 1405;BIGGS V.TERHUNE(9th Cir.2003)334 F.3d 910,915-916.

8. Some Evidence used by the BPH to defer parole release for four years cannot be frozen elements/factors that are lacking a finding by a jury beyond a reasonable doubt.Parole decision must be based on relevant reliable evidence drawn from specific factors serving to establish whether the prisoner pose a current threat to public safety.The some evidence standard of review is laid out under affirmative Cal Evid.Code §§140,190,210,250.The standard was apparently first articulated in the united States Supreme Court immigration case.See UNITED STATES ex rel.VAJTAUER V.COMMISSIONER OF IMMIGRATION(1927)273 U.S.103,105.The standard lay fallow until the Supreme Court first introduced it in the criminal context nearly sixty years later in SUPERINTENDENT V.HILL(1985)472 U.S.445,a case involving a prison disciplinary Board's authority to revoke credit for good behavior.The standard was later adopted for the review of parole recission cases by the California Supreme Court case holding, IN RE POWELL(1988)45 C3d 894.Subsequently,the Ninth Circuit adopted it for parole decisions in California.The standard is exceedingly ripe for further discussion and understanding under Cal.Evid.Code §§140,190,210,250.See ENVTL.DEF.CTR.INC.V.EPA(2003)344 F.3d 832, 858 n.36;GAGNON V.SCARPELLI(1973)411 U.S.778;DENT V.WEST VIRGINA (1899)129 U.S.114,123;MASONER V.STATE(C.D.Cal.2004)2004 WL 1080176.

9. The BPH continued reliance on frozen disciplinary at the July 12 2006 hearing to include initiaL hearing and subsequent hearings transform,restate,manipulate and convert the instant offense for which California law provides eligibility for parole into a defacto

HABEAS CORPUS GROUND/CALIM 1:

life imprisonment without the possibility of parole under the BPH'S "Life Prisoners Scheme"Life Means Life,Pinebox Parole.See **BLOCK V. POTTER**(3rd Cir.1980)631 F.2d 233,236-237;**IRONS,**358 F.SUPP.2d at 947 Petitioner's use of a gun and DUI is not some evidence of a current unreasonable public safety risk.There is no evidence of a revious record of violence that is reliable and relevant to support a four years deferral of parole.

**10. NOTE:**Presiding Commissioner Linda Shelton has and continue to dole out multi-year denials at an alarming rate despite the Marin County Superior Court's order under **RUTHERFORD.**(SEE CALIFORNIA LIFER NEWSLETTER AT PAGE 4 NOVEMBER 2006 MULTI-YRAR DENIALS STILL USED AS A CATCH UP TOOL ATTACHED HERETO).Petitioner is entitled to habeas corpus review and release in the interest of justice and fundamental fairness.

//////

/////

////

7. Ground 2 or Ground TWO (if applicable):

**HABEAS CORPUS GROUND/CLAIM 2:**
**HABEAS GROUND 2:**

THE BOARD OF PAROLE HEARINGS HAS AND CONTINUE TO RESTATE MANIPULATE TRANSFORM AND CONVERT THE INSTANT TERM OF 17 YEARS TO LIFE TO LIFE WITHOUT THE POSSIBILITY OF PAROLE BY USING EGREGIOUS INAPPLICABLE CRITERIA UNDER SPECIAL CIRCUMSTANCES ELEMENTS FACTORS-**CRUEL, CALLOUS, CALCULATED, DISPASSIONATE, TRIVIAL** AS SOME EVIDENCE UNDER THIS BOARD HAS A POLICY OF NO PAROLE FOR THOSE INMATES WHO DO NOT ADMIT CULPUBILITY OF A CRIME IN VIOLATION OF THE RULE EXPRESSED UNDER **APPRENDI, BLAKELY** AND **BOOKER.**

a. Supporting facts:

**11.** Petitioner contends that it is well established fact and law that the BPH is using inapplicable special aggravating elements/factors as some evidence to support four years deferral of parole release. The BPH uses the above said elements to upgrade the instant sentence a term of 17 years to life for second degree murder to first degree murder with special circumstances that carries the death penalty and or life without the possibility of parole under **cruel, callous, calculated, dispassionate, trivial murder** is not true. See **STRINGER V. BLACK** (1992)503 U.S.222; **ADAMSON V. RICKETTS**, 865 F.2d 1011(9th Cir.1988)(en banc)cert.denied, 479 U.S.1031(1990). The BPH'S use of such wording applies to jury instructions regarding aggravating elements/factors in capital punishment cases which is clearly prejudicial during suitability hearings. See **MASONER V. THURMAN**(1993)996 F.2d 1003; **TULIAEPA V. CALIFORNIA**(1994)114 S.Ct.2630; **IN RE ROSENKRANTZ**(2000)80 CA4th 409, 422 fn.15; **PEOPLE V. WADE**, 44 C3d 975, 993-994; **PEOPLE V. DAVENPORT**, 41 C3d at PP 266-267. Here, the BPH is applying the exception to **Post 1977-DSL Lifers** and prospectively to **Post Proposition 7.1978** Lifers by applying **CPC §§190.1, 190.2, 190.3, 190.4** to all term to life prisoners as here,

b. Supporting cases, rules, or other authority: **(GROUND 2: CONTINUE ON NEXT PAGE)**

IT IS WELL ESTABLISHED THAT COMMITMENT OFFENSE CARRIED OUT IN A **CRUEL CALLOUS DISPASSIONATE** AND **CALCULATED MANNER** ARE AGGRAVATING FACTORS/ELEMENTS THAT CARRIES THE DEATH PENALTY AND OR LIFE WITHOUT THE POSSIBILITY OF PAROLE UNDER **PROPOSITION 7 DEATH PENALTY INITIATIVE.** SEE **PEOPLE V. SUPERIOR(ENGERT)**(1982)31 C3d 797, 798-802 fn.2; **SHELL V. MISSISSIPPI**(1990)112 LEd2d 372, 373; **GODFREY V. GEORGIA**(1982)64 LEd2d 398, 408-409; **15 CCR 2402 & 2281** ARE THE SAME UNSUITABLE CRITERIA.

HABEAS CORPUS GROUND/CLAIM 2:

making the exception the norm. The BPH and CDCR Officials have effectively destroyed the provisions for release on parole under affirmative **CPC Statutes §§190, 2930-2935, 1170, 3000, 3065** for those prisoners serving determinate life sentences. The BPH and CDCR Officials parole hearings shows conclusive fact evidence that there are no distinctions in terms for various degrees and kinds of murders. The BPH and CDCR treat all term to life prisoners the same as s/he sentenced to death penalty and or life without the possibility of parole. See BLAKELY(2004)542 U.S.296; APPRENDI(2000)530 U.S.466.

12. In summary the **1976-1977** enactment of **CPC §3041(a)** provided that parole dates shall normally be set for the then Pre-Prop 7 November 7,1978 first degree murderers and kidnaps with **§3041(b) serving as the narrow exception,** applying to the group who's offense was/were not comparable to the normal ones. Those **128-Prisoners** all had/have special circumstances factors/elements which is inapplicable in this case. Respondents know that the immediate habeas claim argument is axiom. See PEOPLE V. ANDERSON(1972)6 C3d 628. **128-Prisoners** are the exception to the norm. The instant illegal and unlawful malice malfeasance life prisoners scheme-life means life, pinebox parole will continue adinfinitum without state and federal courts intervention. The above said unlawful acts by the BPH and CDCR Officials shock the conscious/conscience of substantial rights substantial justice and fundamental fairness. Petitioner is entitled to habeas corpus review and immediate parole free release dejure defacto. See UNITED STATES V. BOOKER(2005)125 S.Ct.783.

/////

//////

////

7. **Ground 2 or Ground** ______ *(if applicable):*

HABEAS GROUND 3:

THE BOARD OF PAROLE HEARINGS FOUR YEARS DEFERRAL OF PAROLE IS UNCONSTITUTIONAL AND VIOLATES SUBSTANTIVE PROCEDURAL DUE PROCESS LAW UNDER THE LEGISLATURE INTENT AND CONTRARY TO THE **MORALES** DECISION AND CONTRARY TO THE NUMBER OF VICTIMS-**(ONE)**IN THE INSTANT OFFENSE;RESULTS THE **BPH** IS INCREASING PUNISHMENT AND IMPRISONMENT

a. Supporting facts:

**13.** On July 12,2006 the BPH erred in its decision denying parole for four years because the Multi-year deferrals applies to Life Prisoners under **CPC §§3040,3041,3042,**whose offense occurred on or after **July 1, 1977** and before **January 1,1982.(SEE** RUTHERFORD,**MORALES V.**BOARD OF **PRISON TERMS-MEMORANDUMS ATTACHED HERETO).**Subsequent suitability hearings for prisoners convicted of murder were scheduled three or five years from the initial hearing,depending upon the number of murders committed.In the instant offense petitioner offense is **(ONE MURDER). (SEE BOARD OF PRISON TERMS DATED APRIL 14,1995 ATTACHED HERETO).**The four years deferral of parole appears to be under CDCR and their BPH **"Life Prisoners Scheme" Life Means Life,Pinebox Parole** with the support **CCPOA and** their Victims of Crime Hate Groups no parole release for murderers.The BPH four years deferral of parole violates redemption,remorse,repentance and remission and the number of years s/he already served and must continue to be incarcerated so the above keepers can continue to hold petitioner in prisoners under an expired sentence is clearly a manifest injustice.Is the worse **civil/human rights violations in America.**Petitioner's illegal and unlawful re-

b. Supporting cases, rules, or other authority: **(SEE NEXT PAGE FOR GROUND/CLAIM 3:)**

UNDER **BPH'S** INAPPLICABLE LIFE PRISONERS SCHEME **CPC 3041.5(b)(2)(c)**WAS AMENDED TWICE ONCE IN 1990 AND AGAIN IN 1994 AND NOTES THAT FOUR YEARS DEFERRAL OF PAROLE APPLIES ONLY TO OFFENSES COMMITTED BEFORE JULY 1,1977 OR ON OR AFTER JANUARY 1,1991 AND APPEARS TO HAVE NO APPLICATION TO THE INSTANT OFFENSE THAT WAS COMMITTED IN 1987.SEE **CDC V.MORALES**(1995)131 LEd2d 588.

straints violates affirmative CPC Statutes §§190,1170,2930-2935, 3000,3065 provisions under constitutional protected due process liberty interest in release on parole.(SEE TRANSCRIPT PAGES 3-4).

HABEAS GROUND 4:

THE BOARD OF PAROLE HEARINGS COMMISSIONERS AND CDCR OFFICIALS LIFE PRISONERS SCHEME UNDER CPC 3042 IS INADEQUATE AND DO NOT AFFORD DUE PROCESS LAW AND EQUAL PROTECTION OF THE LAW TO PAY THE COST FOR VICTIMS OF CRIME TO ATTEND PAROLE SUITABILITY HEARINGS WITHOUT GIVING PRISONER DUE PROCESS NOTICE THAT VICTIMS-NEXT OF KIN WILL ATTEND THE HEARING TO OPPOSE RELEASE ON PAROLE.

14. The petitioner contends he is entitled to habeas corpus review and relief because the BPH and CDCR Officials four years deferral for parole was predetermined by CDCR and BPH under §3042 Notices to oppose parole release.In this case the petitioner was lacking knowledge that the victim's next of kin would be present to oppose parole release.Petitioner was told by his state appointed attorney prior to hearing that said victims of crime were here/inside Board Room.Without due process notice petitioner refuse to attend suitability hearing.Petitioner was not prepared for victims of crime and cosmetic Boo-Hoo to deny parole release.Petitioner was denied fundamental requirement of due process requires adequate notice and the opportunity to be heard.See ARMSTRONG V.MONZO(1965)380 U.S.545,552;MATHEWS V.ELDRIDGE(1976)424 U.S.319,333;KIRK V.U.S. I.N.(9th Cir.1991)927 F.2d 1106.Equal protection violation occurs when state government treats someone differently than another who is similarly situated.Crime victims do not attend all suitability hearings.The BPH and CDCR hand pick the hearings for crime victims

HABEAS CORPUS GROUND/CLAIM 3:

to attend.See JACOBS,VISONSI & JACOBS,CO.V.CITY OF LAWRENCE KANSAS,(10th Cir.1991)927 F.2d 1111;MACKENZIE V.CITY OF ROCKLEDGE(11th Cir 1991)920 F.2d 1554;CITY OF CLEBURNE V.CLEBURNE LIVING CENTER(1985) 473 U.S.432;BLACK V.LANE(7th Cir.1987)824 F.2d 561;HAYGOOD V.YOUNGER(9th Cir.1983)718 F.2d 1472;IN RE CANDELARIO(1970)3 C3d 702.Petitioner is entitled to factfinding hearing and or discovery in the interest of justice dejure.

DATED: 1-9-07.

Respectfully Submitted
Tossie Bennett
TOSSIE BENNETT, D-72735,
In Propria Persona,
An "ADA"HEART SURGERY-TRIPLE BYPASS.DOB 4/8/1934.

CC
T.B.
D.R.J./M.D.H.
D-50

## CONCLUSION

Wherefore, for all the above reasons petitioner has been denied substantive procedural due process law and equal protection of the law and fundamental fairness by CDCR and their Board of Parole Hearings four years deferral of parole. Petitioner humbly asks the state courts to apply the some evidence standard as properly understood to the circumstances of petitioner's conviction and sentence without special aggravating elements/factors. If a fair hearing is unavailable to petitioner under the influence and manifest injustice being carried out for **CCPOA** and their special interest Groups and victims of crime hate Groups to deny prisoners constitutional meritorious habeas claims under pro forma decisions. Petitioner asks the court to appoint and or assign an attorney under the **"Private" Attorney General Doctrine. See Code Civ. Proc. §1021.5; IN RE HEAD,** (1986) 42 Cal.3d 223,226,232-233; **Code Civ. Proc. 382.** Petitioner is entitled to **"OSC"** under **CRC 4.551(c)(f); BRACY V. GRAMLEY,** 502 U.S. at page 904-905; **BPT V. SUPT. CT. (Ngo)** (2005) 130 CA4th 1212,1224; **IN RE VARGUS** (2000) 83 CA4th 1125,1143; **IN RE MINNIS** (1972) 7 C3d 639,643; **IN RE SCOTT** (2003) 29 C4th 783,814; **CPC §1484.** Petitioner asks the court to make a finding for parole release based on affirmative **CPC Statutes, C-File** and **Records** acutally before the court. Petitioner asks the court to determine what the facts are and the appropriate remedy. Petitioner asks the court for intermediate relief in the interest of justice dejure defacto. See **28 USC 471 et seq.; Deuteronomy 1:16-18.**

**DATED:** 1-9-07.

Respectfully Submitted,
Tossie Bennett
TOSSIE BENNETT, D-72735,
In Propria Persona,
An **"ADA"**

8. Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☐ No. If yes, give the following information:
   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): NA.
   b. Result NA. c. Date of decision: NA.
   d. Case number or citation of opinion, if known: NA.
   e. Issues raised: (1) NA.
      (2) NA.
      (3) NA.
   f. Were you represented by counsel on appeal? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known: NA.

9. Did you seek review in the California Supreme Court? ☐ Yes ☐ No. If yes, give the following information:
   a. Result NA. b. Date of decision: NA.
   c. Case number or citation of opinion, if known: NA.
   d. Issues raised: (1) NA.
      (2) NA.
      (3) NA.

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
THE INSTANT HABEAS CORPUS PETITION IS TO REDRESS DEFERRAL OF PAROLE AND TIMELY UNDER THE PROVISIONS OF THE **"ACT" (AEDPA)** OF APRIL 24,1996.

11. Administrative Review:
   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:
   PETITIONER IS WITHOUT ADMINISTRATIVE REMEDIES TO EXHAUST AND OR TO APPEAL. PETITIONER MUST EXHAUST REMEDIES IN STATE COURTS BEFORE HE CAN FILE A CONSTITUTIONAL MERITORIOUS HABEAS CLAIM/GROUND IN THE U. S. DISTRICT COURT AS COMITY REQUIRES. THIS IS THE CORRECT COURT TO BE HEARD. THIS IS THE COUNTY PRISONER AND PETITIONER IS HOUSED. THIS COURT HAS/HAVE JURISDICTION TO REACH THE MERITS OF HABEAS CLAIM NOW BEFORE THE STATE COURT TO BE HEARD IN THE INTEREST OF JUSTICE.
   b. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.
   *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☐ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: NA.

(2) Nature of proceeding (for example, "habeas corpus petition"): NA.

(3) Issues raised: (a) NA.

(b) NA.

(4) Result *(Attach order or explain why unavailable)*: NA.

(5) Date of decision: NA.

b. (1) Name of court: NA.

(2) Nature of proceeding: NA.

(3) Issues raised: (a) NA.

(b) NA.

(4) Result *(Attach order or explain why unavailable)*: NA.

(5) Date of decision: NA.

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

NA.

NA.

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

THE IMMEDIATE HABEAS CORPUS PETITION IS TIMELY UNDER THE **"ACT"** PETITIONER HUMBLY ASKS THE COURT TO APPOINT/ASSIGN AN ATTORNEY TO ATTAIN DUE PROCESS LAW AND FUNDAMENTAL FAIRNESS.

16. Are you presently represented by counsel? ☐ Yes. ■ No. If yes, state the attorney's name and address, if known:

PETITIONER MAKE UP THE INSTANT HABEAS CORPUS APPLICATION FOR REVIEW WITH THE ASSISTANCE OF JAILHOUSE LAWYER IN PROPRIA PERSONA.

17. Do you have any petition, appeal, or other matter pending in any court? ■ Yes. ☐ No. If yes, explain:

PETITIONER FILED HABEAS CORPUS IN U.S. DISTRICT COURT-EASTERN DISTRICT SACRAMENTO, CALIFORNIA ON MARCH 27th 2006, WRIT STILL PENDING. WRIT NO.2:06-CV-00635-MCE-DAD

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

THIS IS THE CORRECT COURT;THIS IS THE COUNTY OF RESPONDENTS;THIS IS THE COUNTY TO AFFORD DUE PROCESS LAW UNDER FACTFINDING HEARING.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true

Date: 1-9-07. ▶ Jossie Bennett
(SIGNATURE OF PETITIONER)

PRISON LAW OFFICE
General Delivery, San Quentin, CA 94964-0001
Telephone (415) 457-9144 • Fax (415) 457-9151
www.prisonlaw.com

*Director:*
Donald Specter

*Staff Attorneys:*
Susan Christian
Steven Fama
Brittany Glidden
Penny Godbold
Megan Hagler
Alison Hardy
Millard Murphy
Sara Norman
Keith Wattley

May 2006

Dear Sir or Madam:

I write in response to your letter regarding overdue parole consideration hearings, which are the subject of the class action lawsuit in Marin County Superior Court, In re Rutherford (Case Number SC 135399A). As a lifer entitled to a parole hearing, you are automatically included in the class. You don't have to do anything to join. Any favorable orders in the case will benefit you, too. However, the Rutherford case will not necessarily require the Board of Parole Hearings (BPH, formerly the Board of Prison Terms) to provide *your* hearing right away. While you could file an individual petition for writ of habeas corpus, some prisoners have seen those petitions denied because of their membership in the Rutherford class. This is a very unfortunate by-product of litigation requiring the Board to fix the whole system for scheduling parole hearings. The Court has ordered that prisoners cannot opt out of the class. However, I can bring certain cases of extreme delays or misconduct to the Board's attention and ask that those problems be addressed (and a hearing scheduled) as soon as possible.

The Court certified Rutherford as a class action in November 2004. Not long after that, the Board admitted that Penal Code sections 3041 and 3041.5 require that parole hearings be timely, and the Board admitted that it is not currently following the law. After many months of negotiations, the Board refused to make specific improvements in its system for scheduling and conducting parole hearings, so we went to the Court for an evidentiary hearing on January 11, 2006. At the hearing, I asked the Court to order the Board to make specific changes to address the backlog of overdue parole hearings, which had reached 3,200 cases in September 2005. The Court entered its judgment on February 15, 2006, in which the Court itself found that the Board is violating the law and ordered the lawyers to file a plan for fixing the problems. As a result of the Court's Order, the Board must eliminate the hearing backlog by September 2007.

The Court held another hearing on May 5 in which it entered several, more specific orders about what the Board must do. The details of that very favorable Order are spelled out on the attached page. It is important that you understand that this Order could not have been obtained without the cooperation and participation of many lifers across the state, who have written or completed questionnaires. We no longer need you to complete the questionnaires (we already have more than we can handle), but please continue to let us know about the problems you experience with your hearings. Lastly, please be advised that the Board could still appeal the contents of this most recent Order within the next two months.

Other details of the Court's Orders will be spelled out in an official notice to be made available to class members very soon.

Sincerely,

Keith Wattley

Board of Directors
Marshal Krause, President • Michele WalkinHawk, Vice President
Honorable John Burton • Penelope Cooper • Felecia Gaston • Christine Hipps • Margaret Johns
Cesar Lagleva • Laura Magnani • Michael Marcum • Ruth Morgan • Dennis Roberts

## SUMMARY OF MAY 5, 2006, RUTHERFORD ORDER ON DISPUTED ISSUES

1. THE BOARD HAS ONE YEAR – UNTIL MAY 5, 2007 – TO IMPLEMENT A STATEWIDE, NETWORKED SYSTEM FOR SCHEDULING AND TRACKING PAROLE CONSIDERATION HEARINGS.

2. THE BOARD IS PROHIBITED FROM IMPROPERLY ENCOURAGING PRISONERS TO WAIVE OR POSTPONE THEIR PAROLE CONSIDERATION HEARINGS OR TO STIPULATE TO BEING UNSUITABLE FOR PAROLE. THE BOARD'S CONDUCT WOULD BE IMPROPER IF THE WAIVER/POSTPONEMENT/STIPULATION IS AGAINST THE PRISONER'S BEST INTEREST. ALL DISCUSSIONS REGARDING POSTPONEMENTS, WAIVERS AND STIPULATIONS MUST TAKE PLACE ON THE RECORD.

3. THE BOARD MAY NOT DENY FURTHER PAROLE CONSIDERATION FOR TWO, THREE, FOUR OR FIVE YEARS FOLLOWING A ONE-YEAR DENIAL OF PAROLE UNLESS THERE HAS BEEN A SIGNIFICANT CHANGE IN CIRCUMSTANCES. THE CHANGED CIRCUMSTANCES MUST BE EXPLAINED ON THE RECORD.

4. THE BOARD MUST MOVE UP THE TIMING OF APPOINTING COUNSEL AND PREPARING BOARD PACKETS THROUGH A NEW PROCEDURE THAT MUST BE IN PLACE NO LATER THAN JANUARY 1, 2007.

5. THE COURT ORDERED A STATUS HEARING ON THURSDAY, AUGUST 10, WITH COUNSEL TO SUBMIT STATUS REPORTS ON AUGUST 4.

6. THE COURT DENIED OUR MOTION TO REQUIRE THE BOARD TO IMMEDIATELY IDENTIFY THE STAFFING AND RESOURCES THEY NEED IN ORDER TO ELIMINATE THE BACKLOG AND PROVIDE TIMELY HEARINGS. HOWEVER, THE COURT MAY ORDER FURTHER RELIEF IF, AT THE HEARING SCHEDULED FOR AUGUST 10, IT APPEARS THAT SUCH RELIEF IS NECESSARY.

7. THE COURT ALSO DENIED OUR MOTION TO HAVE THE BOARD HAND OVER MANAGEMENT OF THE ATTORNEY APPOINTMENT PROCESS TO AN OUTSIDE CONTRACTOR. HOWEVER, THIS TOO CAN BE BROUGHT UP AGAIN IF IT APPEARS THAT PROBLEMS WITH THAT PROCESS CONTINUE TO CONTRIBUTE TO HEARING DELAYS.

8. WITHIN THE NEXT WEEK OR SO, AN OFFICIAL NOTICE WILL BE DISTRIBUTED TO THE INSTITUTIONS TO FULLY INFORM LIFERS ABOUT THE CASE AND ITS CURRENT STATUS.

9. LASTLY, SINCE MR. RUTHERFORD COMPLETED HIS LIFE TERM WHEN HE PASSED AWAY, THE COURT NAMED MR. LUGO AT CMF AS A REPRESENTATIVE OF THE CLASS. HOWEVER, ALL LIFERS EXPERIENCING HEARING-RELATED PROBLEMS ARE ENCOURAGED TO CONTINUE SHARING INFORMATION AND IDEAS ABOUT THESE ISSUES.

The lawyer for the Rutherford class is Keith Wattley, Prison Law Office, General Delivery, San Quentin, CA 94964

State of California

# MEMORANDUM

To: Commissioners

Date: February 14, 1994

File No:

Subject: Morales v. Board of Prison Terms, U. S. Court of Appeals for the Ninth Circuit, Case No. 92-562629 (Filed 2/9/94)

From: **BOARD OF PRISON TERMS**

In the above-entitled matter, the U. S. Court of Appeals for the Ninth Circuit has issued an opinion which holds that a 1981 amendment to Penal Code section 3041.5, empowering the BPT to schedule parole consideration hearings every two or three years instead of annually, violates the proscription against ex post facto laws, and is, therefore, unconstitutional.

Due to the broad policy and legal implications of this opinion, the Board will seek a stay of the court's order and file a petition for writ of certiorari with the United States Supreme Court.

Pending the Board's appeal of the *Morales* decision, hearing panels may continue to impose multiple year denials. Prisoners and their attorneys may also be advised that if the *Morales* decision is upheld on appeal, the Board's decision to deny parole for more than one year will be modified accordingly.

The *Morales* decision applies to life prisoners whose commitment offenses occurred on or after July 1, 1977, and before January 1, 1982.

The Board is required to keep accurate records of multiple year denials imposed on prisoners affected by the *Morales* decision. To ensure that the Board has this information, hearing panels are requested to forward the names and numbers of prisoners affected by *Morales* who receive multiple year denials to the Executive Officer at the end of each week of scheduled hearings.

Any questions regarding the *Morales* decision may be directed to the Board's Chief Counsel, David E. Brown, at (916) 322-6729.

James W. Nielsen

JAMES W. NIELSEN
Chairman

fruit fly and to industry. The effect on an been formally Certificate of itle 3, section 1995 FILED:

riculture

control of beet ile crops : The iculture has assessments to beet leafhopper urly top virus. s of specified assessment to pay an beet leafhopper riculture. The nent rates per curly top virus recommended Board. This e authority to susceptible crops virus control ffectiveness. itle 3, section FILED: March

rates under of Insurance rth guidelines ance rates to inadequate, as mandated lations were regulations. nce rates are en they are icient insurer turn on the he insurance. ures for rate the annual harged based ns written. ect title 10, .3, 2642.1.

2642.2, 2642.3, 2642.4, 2642.5, 2642.6, 2642.7, 2643.1, 2643.2, 2643.3, 2643.5, 2643.6, 2643.7, 2644.1, 2644.2, 2644.3, 2644.4, 2644.5, 2644.6, 2644.7, 2644.8, 2644.9, 2644.10, 2644.11, 2644.12, 2644.13, 2644.14, 2644.15, 2644.16, 2644.17, 2644.18, 2644.19, 2644.20, 2644.21, 2644.22, 2644.23, 2645.1, 2645.2, 2645.3, 2645.7, 2645.8, 2645.9, 2646.1, 2646.2, 2646.3, 2646.4 and 2646.5. EFFECTIVE: March 15, 1995 FILED: March 15, 1995

## Board of Prison Terms

**Board of Prison Terms amends regulations pertaining to scheduling of parole suitability hearings for indeterminately sentenced inmates** : The Board of Prison Terms has amended regulations regarding the length of time between parole suitability hearings for indeterminately sentenced inmates in California. There are approximately 12,000 indeterminately sentenced inmates in California, and they are perhaps the state's most violent inmates. The Board has promulgated these amendments on an emergency basis to prevent potential prison unrest and violence due to uncertainty in the parole process. These amendments may also prevent the filing of a large number of lawsuits and writs by indeterminately sentenced prisoners seeking to clarify the parole suitability rules. Previously, the hearing panel was allowed to schedule subsequent parole suitability hearings up to two years from the initial hearing if it was not reasonable to expect that parole would be granted at a hearing during the following year. Subsequent suitability hearings for prisoners convicted of murder were scheduled three or five years from the initial hearing, depending upon the number of murders committed, if the Board has found that it was not reasonable to expect that parole would be granted during the following years. The amendments allow the panel to schedule subsequent suitability hearings for prisoners convicted of murder for up to five years after any hearing at which parole is denied. The revised regulations set procedures relating to the criteria for setting the hearing between two and five years. These amendments refer to existing provisions for the criteria to be used in deferring these hearings. Regulatory Action: Changes affect title 15, sections 2268 and 2270.EFFECTIVE: March 14, 1995 FILED: March 14, 1995

## Trade and Commerce Agency

**Procedures for designating economically depressed areas as enterprise zones to include small cities and disaster areas meeting certain criteria** : The Trade and Commerce Agency has amended regulations governing the enterprise zone designation process. This action constitutes a permanent filing of prior emergency regulations which had expired. Statutory law provides that, upon determination of the Trade and Commerce Agency, an economically depressed area meeting certain criteria may be eligible for designation as an enterprise zone in order to attract private sector investment. Enterprise zone designation incentives include, among other things, relaxed or modified building codes, zoning laws, development plans or rent controls; the elimination or reduction of fees for government services; streamlined permit processes; elimination or reduction of construction taxes or business license taxes; the provision or expansion of infrastructure; and the targeting of government grant moneys. Regulations delineating distress criteria for eligibility as an enterprise zone have been updated to base the determination of income levels on per capita income rather than median family income, and to adjust the calculation of unemployment rates. A new criterion is added to confer eligible status to any region which has been designated as a disaster area by the President of the United States within the last seven years. At one time, the regulations provided that no more than twenty-five enterprise zones may be designated within the state. The amendments state that, in addition to these twenty-five zones, two more zones shall be designated as small city enterprise zones. For purposes of the regulations, the definition of a small city applies to cities with a population of less than 25,000 persons as of December 31, 1992. The Trade and Commerce Agency shall select a maximum of five preliminary applications for designation of small city enterprise zones and shall conditionally designate two of the final applicants. Regulatory Action: Changes affect title 10, sections 5600, 5600.1, 5601.1, 5602.2, 5605, 5605.2, 5606.1, 5606.2, 5606.3, 5606.4, 5608, 5611, 5612, 5612.2, 5612.7 and 5612.9. EFFECTIVE: March 14, 1995 FILED: March 14, 1995

lfornia                                                                                    Board of Prison Terms

# emorandum

: April 27, 1995

: Mr. Joe Sandoval
Secretary
Youth and Adult Correctional Agency

ıbject: **MORALES DECISION**

Pablo Morales (CDC #B-33187) was initially convicted of first degree murder for the killing of his girlfriend in 1971 and was sentenced to 15 years to life. After release, Morales killed a 75-year-old woman who had befriended him in prison and who he had subsequently married. He pleaded to Murder 2nd and received a term of 15 years to life.

Upon receiving a multi-year denial at his initial BPT suitability hearing, Morales filed a federal writ of habeas corpus claiming ex post facto. Morales prevailed in trial court and before the 9th Circuit Appeals Court. The BPT appealed through the Attorney General's Office to the U.S. Supreme Court and prevailed in a 7-2 decision (April 25, 1995). The basic tenet of the Supreme Court decision was that the Ex Post Facto Clause allows legislative change to parole systems, and that California law and BPT policy did not increase Morales' punishment. In summary, future changes in the parole system can be made retroactively. There was no issue before the California State Supreme Court.

The Board anticipated substantial costs to provide the nearly 2,800 "Morales category" life prisoners yearly hearings. The Morales decision went contrary to the desire of the citizens of California, and victims in particular. Last year the Legislature passed, and Governor Wilson signed, Senate Bill 826 (Leonard) giving the BPT authority to deny subsequent parole suitability hearings for up to 5 years.

Acts W/s supersede. U.S. Sup. Ct

The decision was particularly pleasing to victims who may anticipate some relief from having to endure yearly hearings for perpetrators of their grief.

James W. Nielsen

JAMES W. NIELSEN
Chairman

phr

**BPH News** (from page 3)

**Input considered** (cont'd)

submitted to the board review committee for disposition in accordance with section 2041(#). (Emphasis added.)

Notes:

[1] The decision made at the hearing is a "proposed" decision until approved by DRU (and the Governor if parole was granted) and/or its effective date.

[2] The Board's executive officer is John Monday, BPH, 1515 K Street, Suite 600, Sacramento, CA 95814.

The regulation clearly permits a lifer and/or his attorney to correct errors made at the hearing, to submit documents or other evidence possibly not considered in the decision, and to clarify or correct statements made by overzealous deputies district attorney and by victims and their kin (which are not corrected at the hearing because they speak last).

We suggest that you keep a copy for your records of anything submitted, and that you request acknowledgement and follow-up from BPH.

## EN BANC DECISIONS

The August 22 en banc decisions were reported in *CLN* # 11, p. 2. The September 19 decisions are reported below. Due to a late notice from BPH, the October en banc reviews are still under consideration and will be announced with the November 21 results.

### *September 19, 2006, En Banc Decisions*

**ALEXANDER, Pierre**
Decision: Find suitable for parole (unanimous)

**AREVALO, John**
Decision: Find suitable for parole (unanimous)

**CANAS, Manuel**
Decision: Schedule a rescission hearing based on issues raised in the Governor's letter.
Aye (6): Biggers; Davis; Garner; Harris-Ritter; Porter; Williams
No (4): Bryson; Inglee, Martinez, Shelton

**CHRISTOPHER, Reginald**
Decision: Schedule a rescission hearing based on issues raised in the Governor's letter.
Aye (8): Biggers; Davis; Garner; Harris-Ritter; Inglee; Martinez; Porter; Williams
No (2): Bryson; Shelton

**DEIGAN, Christopher**
Decision: Schedule a rescission hearing based on issues raised in the Governor's letter. (unanimous)

**ESPINOZA, Jaime**
Decision: Find unsuitable for parole for 1 year
Aye (8): Biggers; Bryson; Garner; Harris-Ritter; Martinez; Porter; Shelton; Williams
No (2): Davis; Inglee

**FOLEY, Kenneth Wayne**
Decision: Send to court for re-sentencing under Penal Code section 1170(d)
(unanimous)

**LAWRENCE, Sandra**
Decision: Find unsuitable for parole for 1 year
Aye (9): Biggers; Bryson; Davis; Garner; Harris-Ritter; Martinez; Porter; Shelton; Williams
No (1): Inglee

**NGUYEN, Tieu**
Decision: Affirm parole date (unanimous)

**RICE, Charles Anthony**
Decision: Unsuitable for compassionate release (unanimous)

**VALDIOSERA, Octavio**
Decision: Affirm parole date (unanimous)

## MULTI-YEAR DENIALS STILL USED AS A "CATCH-UP" TOOL

Please see the statistics shown in *CLN* #11, p. 9. Commissioners Bryson and Shelton continue to dole out multi-year denials at an alarming rate despite the Marin County Superior Court's order in *Rutherford* (that provision of the Marin Superior Court's order has been stayed).

**Bryson:** multi-year 83%; 3-to-5 years 53%; 5-years 26%

**Shelton:** multi-year 76%; 3-to-5 years 51%; 5-years 19%.

The chief or sole reason given for multi-year setoffs is, in a nutshell, "you committed a murder," followed by the same facts recited moments before by the panel to support its unsuitability finding. Multiyear setoffs are supposed to be the *exception*, not the rule; the grounds are supposed to address *why the prospective parolee cannot be found suitable in one year* (not why he was unsuitable at the time of the offense).

What Bryson and Shelton are telling the majority of the prospective parolees they hear (and their families) is that they will not be given a hearing for several more years because that's the only way – other than to grant parole, which would anger the Governor who appointed them – that the Board can catch up with the 3,000-plus hearing backlog *it created* by refusing to give parole dates at all in such cases.

Pitifully, even this egregious tactic cannot possibly eliminate the backlog, a task that would require – unless the panels begin complying with the statute – at least 50 more Commissioners. Worst of all, if the Board and its Commissioners continue along this path, and continue to ignore the State's laws and what the state and federal courts have told the Board in their recent decisions, the State and its taxpayers will lose all control of and any role in parole determination because the federal courts will place the Board into federal receivership as they have already done with another of CDCR's inept divisions (its health care system).

(Continued on page 10)

## BPH News

### NO NEW COMMISSIONERS

### CONFIRMATION HEARINGS SOON

Skienegger has not nominated a new Commissioner since our last issue (See Eng, Poncabare nominations, Porter resignation; *CLN* #12, p. 4). It is *reported* that the Senate Rules Committee *may* conduct confirmation hearings on January 31, and that Linda Shelton, one of the two multi-year denial queens, will be one of the prospective confirmees considered. At this time we plan to OPPOSE, and encourage OPPOSITION to Commissioners Shelton, Poncabare, and Bryson for their tactics, refusal to comply with parole law, lack of any qualifications to determine parole, and nonconformance with Penal Code § 5075.

### BPH HIRING ITS OWN PSYCHS

The rumors have come true. See *CLN* #12, p. 4. BPH is hiring psychologists to perform lifer evaluations. They will work directly for BPH, not for CDCR. Their work consists solely of lifer evaluations prior to the subjects' parole hearings. Some of those hired to date had previously been performing lifer evaluations for CDCR.

### TWO PAROLEES REINSTATED TO "LIFER" STATUS

Recently, Mark Smith suffered a parole revocation for a relatively minor theft offense. Although his Parole Officer urged leniency or dismissal, the Commissioner revoked Mark's parole and returned him to prison. As reported (see *CLN* #12, p. 3), Mark cannot be released until a BPH panel once again finds him "suitable."

Previously, Henrietta Briones, a lifer released after 17 years because she suffered from BWS (Battered Women's Syndrome) at the time she murdered her ex-boyfriend, had her parole revoked when she was found in possession of guns and drugs, and was therefore relegated to lifer status in which BPH will determine when she may again be safely released.

### 2007 BPH EXECUTIVE BOARD MEETING SCHEDULE

JANUARY 17
FEBRUARY 21
MARCH 20
APRIL 17
MAY 15
JUNE 19
JULY 17
AUGUST 21
SEPTEMBER 18
OCTOBER 16
NOVEMBER 20
DECEMBER 11

### EN BANC DECISIONS

**November 21, 2006**

**BEDOY, Elias D-38745**
Decision: Affirm parole date
Aye: Biggers; Bryson; Garner; Harris-Ritter; Shelton; Williams
No: Davis; Eng; Inglee; Martinez; Poncabare;

**MARTIN, James B-85085**
Decision: Schedule a rescission hearing based on issues raised in the Governor's letter.
Aye: Biggers; Bryson; Davis; Eng; Garner; Harris-Ritter; Inglee; Martinez; Poncabare; Shelton; Williams
No:

**MC COY, Thomas C85047**
Decision: Find unsuitable for parole and deny for 1 year.
Aye: Biggers; Bryson; Davis; Eng; Garner; Inglee; Martinez; Poncabare; Shelton; Williams
No: Harris-Ritter

**RUIZ, Evodio D-91396**
Decision: Find suitable for parole
Aye: Biggers; Bryson; Davis; Eng; Garner; Harris-Ritter; Martinez; Poncabare; Shelton; Williams
No: Inglee

**NORTHRUP, Sheila W-15390**
Decision: Deny request to recall sentence
Aye: Biggers; Bryson; Davis; Eng; Garner; Harris-Ritter; Inglee; Martinez; Poncabare; Shelton; Williams

**December 12, 2006**

**LANG, Russell B-60960**
Decision: Find unsuitable for parole, and deny for 1 year.
Aye: Biggers, Bryson, David, Eng, Inglee, Garner, Harris-Ritter, Martinez, Poncabare, Shelton, Williams
No:

**ROBINSON, Timothy H-55329**
Decision: Affirm parole date
Aye: Biggers, Bryson, Davis, Garner, Harris-Ritter, Inglee, Martinez, Shelton, Williams
No: Eng, Poncabare



VERIFICATION BY DECLARATION 28 USC 1746

I, TOSSIE BENNETT, D-72735, the above named state prisoner and petitioner being duly sworn says that the contents of the fore-giong petition for writ of habeas corpus ad subjiciendum are well known to petitioner and that the same is true to his knowledge, except as to matters therein stated on information and belief and as to those matters petitioner believes it to be true.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on 1-9-07, at C.S.P. Solano Level II, Vacaville, California.

Tossie Bennett

TOSSIE BENNETT, D-72735,

//////
/////
/////

BOARD OF PRISON TERMS
LIFE PRISONER HEARING DECISION FACE SHEET

STATE OF CALIFORNIA

[ ] PAROLE GRANTED – (YES)
CDC: Do not release prisoner before Governor's review.

[X] PARAOLE DENIED – (NO) 4 (four) years

[ ] AGREED UNSUITABLE (Attach 1001A Form) FOR: ____YEAR(S)
[ ] HEARING POSTPONED/REASON: ____________

**Records Use Only**

Parole Release Date ____ YR MO DA

Attach Prison Calculation Sheet

INMATE COPY

**PANEL RECOMMENDATIONS AND REQUESTS**

**The Board Recommends:**

[ ] No more 115's or 128'A
[ ] Work to reduce custody level
[X] Get self-help*
[X] Stay discipline free
[ ] Learn a trade*
[X] Get therapy* as available
[X] Earn positive chronos
[ ] Get a GED*

[ ] Recommend transfer to ____________
[X] Other needs new psych for next hearing

*These programs are recommended if they are offered at your prison and you are eligible/able to participate.

Penal Code 3042 Notice [X] Sent Date: 05-24-2006

Commitment Offense(s) **PC187/PC12022.5** (Code(s)) **MURDER 2nd W/USE OF FA** (Crime(s))

**A642576** (Case(s)) **1** (Count(s))

| Date Inmate Came to CDC | Date Life Term Began | Minimum Eligible Parole Date |
|---|---|---|
| **12/9/1987** | **3/6/1989** | **3/6/1999** |

☐ Initial Hearing [X] Subsequent (Hearing No.) **2** Date of Last Hearing **03-27-02**

CDC Representative
Attorney for Prisoner Norton Address
D. A. Representative Sims County **LOS ANGELES**

This form and the Board's decision at the end of the hearing is only proposed and NOT FINAL. It will not become final until it is reviewed.

Chair Linda Shelton Date 7/12/06
Panel Member Nelson Date
Panel Member Date

| NAME | CDC# | PRISON | CALENDAR | DATE |
|---|---|---|---|---|
| **BENNETT, TOSSIE** | **D72735** | **CSP-SOLANO** | **7/2006** | **7/12/2006** |

BPT 1001(REV. 08/03)

TENTATIVE
[illegible]

# LIFE PRISONER CONSIDERATION WORKSHEET

☐ INITIAL HEARING ☒ SUBSEQUENT HEARING

| | |
|---|---|
| PRISONER'S NAME: **BENNETT, TOSSIE** | CDC NUMBER: **D72735** |
| DATE OF HEARING: **7/12/2006** | LOCATION: **CSP-SOLANO BPT BOARD ROOM** |

LEGAL STATUS

| | | |
|---|---|---|
| DATE RECEIVED: **12/9/1987** | DATE LIFE TERM STARTS: (IF DIFFERENT) **3/6/1989** | COUNTY: **LOS ANGELES** |
| OFFENSE: **MURDER 2ND W/USE OF FA** | | CASE NUMBER: **A642576** |
| COUNT NUMBER(S): **1** | PENAL CODE SECTIONS (S) VIOLATED: **PC187/PC12022.5** | |
| TERMS: **17 - LIFE** | MEPD: **3/6/1999** | |

OTHER COMMITMENT OFFENSES OR STAYED COUNTS

| STAYED | OFFENSE | CODE SECTION | COUNTY | CASE NUMBER | COUNT NO |
|---|---|---|---|---|---|
| ☐ | | | | | |
| ☐ | | | | | |
| ☐ | | | | | |

## PRESENT AT HEARING

| PANEL MEMBER | PANEL MEMBER | PANEL MEMBER |
|---|---|---|
| Shelton | Nielsen | |

OTHERS PRESENT

☐ PRISONER (IF ABSENT, WHY?) chose not to attend b/c victims were present

☒ ATTORNEY Norton

☒ DEPUTY D.A. Sims COUNTY OF **LOS ANGELES**

☐ OTHERS mother, brother, daughter of victim

## STATEMENT OF FACTS

☒ THE HEARING PANEL INCORPORATES BY REFERENCE FROM THE DECISION OF THE HEARING HELD ON 3/2006, PAGES 1 THROUGH —

☐ THE STATEMENT OF FACT IS

☐ QUOTED FROM THE BOARD REPORT, DATED ________, PAGE(S) ______

☐ QUOTED FROM THE PROBATION OFFICER'S REPORT, PAGE(S) ______

☐ ~~QUOTED~~ FROM THE COURT OPINION, PAGE(S) filed 11/30/88 – pgs. 2 + 3

BPT 1000 (Rev. 8/90)

BOARD OF PRISON TERMS
LIFE PRISONER HEARING - EXTRAORDINARY ACTION AND DECISION

STATE OF CALIFORNIA
BPT 1001A (Ref. 10/89)

| | | | | |
|---|---|---|---|---|
| ACTION TYPE (select one) | ☐ Waiver of Appearance | ☐ Request for Postponement | ☐ Waiver of Parole Consideration Hearing Stipulation of Unsuitability | |
| HEARING TYPE (select one) | ☒ Parole Consideration | ☐ Progress | ☐ Recission | Hearing Date 7.12.06 |

WAIVER OF RIGHT TO ATTEND HEARING

I understand that I am scheduled for the Board of Prison Terms hearing indicated above.

☐ I do not wish to attend my Board hearing and do not wish to be represented at the hearing. The hearing will be held in my absence.

☒ I do not personally wish to attend my hearing but I do wish to be represented by counsel at the hearing.

- ☐ I will employ counsel to represent me at the hearing.
- ☒ I cannot afford counsel and wish counsel appointed to represent me.

POSTPONEMENT

I understand that I am scheduled for the Board of Prison Terms hearing indicated above.

☐ I hereby request that the hearing indicated above be Postponed to ______________________. The reasons for my request for a postponement are stated below.

WAIVER OF HEARING AND STIPULATION TO UNSUITABILITY

I understand that I am scheduled for the Board of Prison Terms hearing indicated above.

☐ I waive my right to a parole consideration hearing and I waive the right to have an attorney represent me at a hearing in my absence. I find that I am unsuitable for parole based on my reasons given on this form and therefore request that you find me unsuitable.

☐ One-year Denial ☐ Two-year Denial ☐ Three-year Denial

PRISONER'S REASON(S) FOR REQUEST:
(For Example: Psychiatric Evaluation Not Supportive, Programming Inadequate, Cat H Incomplete, etc.)

| | |
|---|---|
| Signature of Prisoner *Tossie Bennett* | Date 7.12.06 |
| Signature of Attorney (if applicable) [signature] | Date 7.12.06 |
| Signature and Title of Witness (CDC) | Date |

| NAME | CDC NUMBER | INSTITUTION | CALENDAR | DATE |
|---|---|---|---|---|
| BENNETT, TOSSIE | D72735 | CSP-SOLANO | | 7/12/06 |

BPT 1002 REV (9/90) PAGE 2 OF 2

**BOARD OF PRISON TERMS** **STATE OF CALIFORNIA**

**LIFE PRISONER HEARING - EXTRAORDINARY ACTION AND DECISION** **BPT 1001A (Ref. 10/89)**

☐ I certify to the best of my knowledge and information, the foregoing reasons as stated by the prisoner are accurate, and that the prisoner was capable of making a knowledgeable decision regarding his/her hearing.

The following information is submitted for the Board's consideration in making their decision:

________________________________________

C&PR Signature | Date

***FOR BOARD OF PRISON TERMS USE ONLY***

**DECISION / ORDER**

**WAIVER OF RIGHT TO ATTNED HEARING**

1. ☐ Request is denied.
   ☒ Request is granted. Hearing will be conducted in absence of prisoner.

**POSTPONEMENT**

2. ☐ Request is denied.
   ☐ Request is granted. Grant based on a finding of good cause. Place on __________ calendar.

**WAIVER OF HEARING AND STIPULATION TO UNSUITABILITY**

3. ☐ Request is denied.
   ☐ Request is granted. The Board agrees to enter into the stipulation, on a finding of good cause, offered by the prisoner on the waiver of his/her Life Parole Consideration Hearing and order a :
   ☐ One-year Denial ☐ Two-year Denial* ☐ Three-year Denial**

* The Board must find it unreasonable to expect that the prisoner would be eligible for parole during the second, or second and third year, and the Board must state the reasons for its finding.

** In addition to the above (*), the prisoner must have been convicted of more than one offense which involves the taking of a life.

(The basis of the finding of good cause for postponement of multiple-year denial must be stated below.)

☐ **Good cause based on the reasons given by the prisoner.**

**Other comments (if applicable):**

________________________________________

Signature of Commissioners

1. Linda Shelton Date 7/12/06

2. [signature] Date

BPT Action Taken At: ☒ **BPT Headquarters** ☐ **Institution**

| NAME | CDC NUMBER | INSTITUTION | CALENDAR | DATE |
|---|---|---|---|---|
| Bennett, Tossie | D-72735 | CSP Solano | | 7/12/06 |

# PROOF OF SERVICE BY MAIL

## BY PRISONER "IN PRO PER"

I hereby certify that I am over the age of 18 years of age, that I am representing myself, and that I am a prison inmate.

My prison address is: TOSSIE BENNETT, D-72735
California State Prison - Solano
Housing: 15-F-5L
P.O. Box 4000
Vacaville, California 95696-4000

On the "*date*" specified below, I served the following document(s) on the parties listed below by delivering them in an envelope to prison authorities for deposit in the United States Mail pursuant to the "Prison Mailbox Rule":

**Case Name:** BENNETT VS. D.K. SISTO, WARDEN, et al RESPONDENTS, **Case #:** A642576

**Document(s) Served:**

PETITION FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM WITH EXHIBIT "A" UNDER CAL. EVIDENCE CODE-§§140, 190, 210, 250.

The envelope(s), with postage fully pre-paid or with a prison Trust Account Withdrawal Form attached pursuant to prison regulations, was/were addressed as follows:

CLERK OF THE COURT
LINDA G. ASHCRAFT
SUPERIOR COURT OF CALIFORNIA
HALL OF JUSTICE, 600 UNION AVENUE
FAIRFIELD, CALIFORNIA 94533

Clerk, please return filed copy in the enclosed S.A.S.E. Please make the necessary copies and serve the parties-respondents in the interest of justice and judicial comity. Prisoner is indigent and cannot purchase said copies per Rules of Court. I thank you Madam/Sir in advance.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on JANUARY 9th 2007 ("*date*"), in Vacaville, California.

Signature: Tossie Bennett

Printed Name: TOSSIE BENNETT, D-72735, 15-F-5L.

HABEAS CORPUS GROUND/CLAIM #3

MC-275

6. GROUNDS FOR RELIEF

**Ground 3** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

THE SUPERIOR COURT DENIED HABEAS CORPUS REVIEW IN LIGHT OF THE RECORD PRESENTED BY PETITIONER WITHOUT FACTFINDING AND "SOME EVIDENCE"TO SUPPORT THE BOARD'S DECISION IS CLEARLY "WRONG" AND "UNREASONABLE" PURSUANT TO THE "ACT" (AEDPA) OF APRIL 24,1996.SEE IN RE SMITH(2003)109 CA4th 489.

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

The Superior court denied habeas corpus review contrary to well established habeas corpus practice and procedure in state and federal court. Petitioner's MEPD release date was/is March 6,1999.The court fails to point to some evidence to deny parole such as disciplinary for act/s of violence which is lacking in this case at bar.The court's some evidence are frozen factors/disciplinary that will never change.Petitioner has served 20 years and 2 months todate without a release date Due Process entitled Inmate to an opportunity to have his claim to a particular release date meaningful and expeditiously considered is lacking in this case.See SAMPLE V.DIECKS(3rd Cir.1989)885 F.2d 1099,1100-1111.Deliberate indifference standard applies to determination of situations in which Inmates complains of specific mistreatment not generally suffered by all the Inmates as here.See HAYGOOD V.YOUNGER(9th Cir.1983)718 F.2d 1472.

DATE: AUGUST 2ND 2007

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

D-72735

IT IS WELL ESTABLISHED THAT STATE HABEAS CORPUS PETITIONER THAT RAISES A CONSTITUTIONAL MERITORIOUS HABEAS CLAIM IS ENTITLED TO FULL,FAIR, DETERMINATION OF THE CASE.SEE BRACY V.GRAMLEY,502 U.S.at PP 904-905; BPT V.SUPT.CT(Ngo)(2005)130 CA4th 1212,1242;IN RE VARGUS(2000)83 CA4th 1125,1143;IN RE SCOTT(2004)29 C4th 783,814;CPC §1484.

MC-275

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court? ☐ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: THE SUPERIOR COURT COUNTY OF LOS ANGELES.

(2) Nature of proceeding (for example, "habeas corpus petition"): HABEAS CORPUS PETITION.

(3) Issues raised: (a) PETITIONER RAISED THE SAME TWO HABEAS CLAIMS NOW BEFORE

(b) THE COURT TO INCLUDE HABEAS CLAIM THREE FOR REVIEW AND RELIEF.

(4) Result *(Attach order or explain why unavailable)*: HABEAS CORPUS REVIEW AND RELIEF DENIED.

(5) Date of decision: HABEAS CORPUS PETITION DENIED ON JUNE 27, 2007; SEE ORDER ATTACHED.

b. (1) Name of court: NA.

(2) Nature of proceeding: NA.

(3) Issues raised: (a) NA.

(b) NA.

(4) Result *(Attach order or explain why unavailable)*:

(5) Date of decision:

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

THE SUPERIOR COURT DENIED HABEAS CORPUS REVIEW AND RELIEF WITHOUT FACT-FINDING. SUPERIOR COURT'S DECISION APPEARS TO BE PRO FORMA DECISION/S.

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

THE INSTANT CONSTITUTIONAL MERITORIOUS HABEAS CLAIMS ARE TIMELY AND DESERVES TO BE HEARD UNDER SUBSTANTIVE PROCEDURAL DUE PROCESS LAW AND FAIRNESS DEJURE DEFACTO.

16. Are you presently represented by counsel? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known:

NA.

NA.

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☐ No. If yes, explain:

HABEAS CORPUS PETITION PENDING: NO:2:06-CV-00635 MCE DAD; U.S.D.C. FOR THE EASTERN DISTRICT SACRAMENTO, CALIFORNIA FILED 3/27/06.

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

THIS IS THE CORRECT COURT FOR HABEAS REVIEW AND RELIEF PURSUANT TO CPC §§1473-1484; SEE IN RE SENA*2001)94 Cal.App.4th 836,837,841.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: AUGUST 2ND 2007

Jessie Bennett
(SIGNATURE OF PETITIONER)

MC-275

Name TOSSIE BENNETT AN "ADA"

Address C.S.P. SOLANO II, 15-F-5L

P. O. BOX 4000

VACAVILLE, CA. 95696-4000

CDC or ID Number D-72735

ENDORSED FILED
Clerk of the Superior Court

JAN 19 2007

LINDA G. ASHCRAFT
By [signature] DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SOLANO

(Court)

TOSSIE BENNETT,
PETITIONER,
VS.
D.K.SISTO,WARDEN,
LINDA SHELTON,PRESIDING COMM.,
JAMES NIELSEN,DEPUTY COMM.,
MILTON SIMS,DEPUTY D.A.,
MICHAEL BROWN,SERVICES REPRESENTATIVE,
KENNETH GRIFFIN,VICTIM'S BROTHER,
MARIE HAYWOOD,VICTIM'S MOTHER,
ESHA MAE BROWN,VICTIM'S DAUGHTER,
BOARD OF PAROLE HEARINGS,
et al RESPONDENTS,

PETITION FOR WRIT OF HABEAS CORPUS
AD SUBJICIENDUM

No FCR239274
(To be supplied by the Clerk of the Court)

COMPTON SUPERIOR COURT
CASE NO.A642576.

^D CAREFULLY

.minal conviction and are filing this petition in the made the order.

s of your confinement and are filing this petition in the Superior Court, ounty in which you are confined.

- Read the entire form *before* answering any questions.
- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.
- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."
- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.
- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.
- Notify the Clerk of the Court in writing if you change your address after filing your petition.
- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SOLANO**
**CRIMINAL DIVISION**
**530 Union Avenue, Suite 200**
**Fairfield, CA 94533**

√TOSSIE BENNETT D-72735
CSP-SOLANO 15-F-5-L
P. O. BOX 4000
VACAVILLE, CA 95696-4000

Date: January 19, 2007

RE: Case No: **FCR 239274**
Petition for Writ of Habeas Corpus

Dear Sir:

This letter acknowledges the filing of your petition for Writ of Habeas Corpus, signed by you on January 9, 2007 and filed in this office on January 19, 2007.

The Court will, within 60 days after filing *(unless pursuant to California Rules of Court 4.551(h), the court on its own motion grants an extension of time)* deny, issue the writ, or order the respondent to show cause why the relief sought should not be granted.

Very truly yours,
LINDA G. ASHCRAFT, Clerk of the Court

By: P. James
P. JAMES,
Deputy Clerk

/pj

cc: Superintendent

Assigned Judge:

This instrument is a correct copy of the original on file in this office

ATTEST: FEB 0 8 2007

LINDA G. ASHCRAFT, Clerk of the Superior Court of the State of California in and for the County of Solano

By [signature] DEPUTY CLERK

ENDORSED FILED
Clerk of the Superior Court

FEB 0 8 2007

LINDA G. ASHCRAFT

By [signature] DEPUTY CLERK

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF SOLANO**
**DEPARTMENT FIFTEEN**

* * * * *

In re the Application of

CASE NO.: FCR239274

TOSSIE BENNETT,

Petitioner,

For Writ of Habeas Corpus

**ORDER TRANSFERRING PETITION FOR WRIT OF HABEAS CORPUS**

Upon consideration of the Petitioner's application for a Writ of Habeas Corpus with the above entitled Court, the Court finds that the Petitioner was sentenced in the Superior Court of Los Angeles County, California, and that Los Angeles County is the proper county in which to hear the pending Petition for Writ of Habeas Corpus, and GOOD CAUSE APPEARING:

**IT IS HEREBY ORDERED** that the Petition of Writ of Habeas Corpus be transferred to the Superior Court of California, County of Los Angeles forthwith for further proceedings. The Clerk of the Superior Court of California, County of Solano shall immediately transfer this matter to the Superior Court of California, County of Los Angeles for further proceedings.

Dated: February 6, 2007

[signature]

**ROBERT S. BOWERS**
Judge of the Superior Court

ENDORSED FILED
Clerk of the Superior Court

FEB 08 2007

LINDA G. ASHCRAFT
By [signature] DEPUTY CLERK

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SOLANO**
**Case No. FCR 239274**

# CERTIFICATE OF MAILING

I, the undersigned, certify under penalty of perjury that I am a deputy clerk of the above-entitled Court and not a party to the within action; that I am familiar with the County of Solano's procedure for collection and processing of correspondence for mailing with the United States Postal Service. This document will be deposited with the United States Postal Service on the same day as the execution of this document in the ordinary course of business. This document was sealed and placed for collection and mailing on the same day as the execution of this document at the address given for deposit in the United States Postal Service and following ordinary business practices. Said envelope was addressed to the attorneys for the parties, or the parties, as shown below:

Document mailed:

**ORDER TRANSFERRING PETITION FOR WRIT OF HABEAS CORPUS (TO LOS ANGELES COUNTY)**

TOSSIE BENNETT D-72735
CSP-SOLANO 15-F-5-L
P. O. BOX 4000
VACAVILLE, CA 95696-4000

SUPERINTENDENT
CSP-SOLANO
P. O. BOX 4000
VACAVILLE, CA 95696-4000

LOS ANGELES COUNTY
SUPERIOR COURT
CLARA SHORTRIDGE FOLTZ
CRIMINAL JUSTICE CENTER
DEPARTMENT 100
210 W. TEMPLE ST
LOS ANGELES, CA 90012

Dated: February 8, 2007

LINDA G. ASHCRAFT, Clerk of the Court

By: [signature]
P. JAMES
Deputy Clerk

CR-175

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Tossie Bennett, CSP-Solano, 15-F5-L, P.O. Box 4000, Vacaville, CA 95696-4000<br>TELEPHONE NO.: FAX NO.:<br>E-MAIL ADDRESS (optional):<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
| In re Bennett<br>DEFENDANT: , on habeas corpus<br>Date of birth: 4-8-34 California Dept. of Corrections No. (if applicable): D-72735 | |
| **NOTICE AND REQUEST FOR RULING**<br>**(Cal. Rules of Court, rule 4.551(a)(3)(B))** | CASE NUMBER(S): |

I, TOSSIE BENNETT, filed a petition for writ of habeas corpus in the above entitled case in the Superior Court of California, County of *(name):* LOS ANGELES on *(date):* FEBRUARY 8, 2007.

As of this date, I have not received a ruling on the petition within 60 days of filing as required by rule 4.551(a)(3)(A) of the California Rules of Court. Therefore, I request that the court rule on the petition. (California Rules of Court, rule 4.551(a)(3)(B).) A copy of the original petition for writ of habeas corpus is attached to this *Notice and Request for Ruling.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: MAY 1ST, 2007

(TYPE OR PRINT NAME)

Tossie Bennett
(SIGNATURE)

## PROOF OF SERVICE BY MAIL

## BY PRISONER "IN PRO PER"

I hereby certify that I am over the age of 18 years of age, that I am representing myself, and that I am a prison inmate.

My prison address is: California State Prison - Solano
Housing: 15-F-5-L
P.O. Box 4000
Vacaville, California 95696-4000

On the "*date*" specified below, I served the following document(s) on the parties listed below by delivering them in an envelope to prison authorities for deposit in the United States Mail pursuant to the "Prison Mailbox Rule"

Case Name: ______________________ Case #: ____________

Document(s) Served: Notice and Request for Ruling (Original copy) Copy of Order Transferring Petition for Writ of Habeas Corpus, and One copy of Petitioner's Petition:

The envelope(s), with postage fully pre-paid or with a prison Trust Account Withdrawal Form attached pursuant to prison regulations, was/were addressed as follows:

LOS ANGELES COUNTY SUPERIOR COURT
CLARA SHORTRIDGE FOLTZ CRIMINAL JUSTICE CENTER
DEPARTMENT 100
210 WEST TEMPLE STREET
LOS ANGELES, CA 90012

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on May 01, 2007, in Vacaville, California.

"*date*"

Signature: Tossie Bennett

Printed Name: TOSSIE BENNETT

CRIMINAL DIVISION
The Superior Court
LOS ANGELES, CALIFORNIA 90012

CLARA SHORTRIDGE FOLTZ
CRIMINAL JUSTICE CENTER
210 WEST TEMPLE STREET
(213) 974-1234

June 4, 2007

Tossie Bennett #D-72735
CSP-Solano California
15-F5-L
P.O. Box 4000
Vacaville, CA 95696-4000

Re: BH004470

Dear Mr. Bennett:

This is in response to your notice and request for ruling on your pending habeas corpus petition BH004470.

Please be advised that the ruling on the petition was continued by this Court to July 30, 2007, under authority of California Rules of Court 5.551 (h). Because of the large backlog of petitions, the minute order of this ruling may not be generated for a couple of weeks. I apologize for the delay.

Very truly yours,

Sam Bubrick
FOR THE SUPERVISING JUDGE

Sam Bubrick
Superior Court Commissioner

SB/slr

# *SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES*

**DEPT 100**

| | | | |
|---|---|---|---|
| Date: MAY 4, 2007 | | | |
| Honorable: STEVEN R. VAN SICKLEN | Judge | J. PULIDO | Deputy Clerk |
| NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH 004470
In re,
TOSSIE BENNETT,
Petitioner,
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

Nature of Proceedings: ORDER RE: WRIT OF HABEAS CORPUS

The Court acknowledges the receipt of the petitioner's writ of habeas corpus on January 19, 2007.

Respondent Warden was not served with a copy of the petition. Petitioner filed two copies of his petition with the Court. Accordingly, the clerk is directed to mail a copy of the petition for writ of habeas corpus, along with notice of this order, to the Office of the Attorney General, P.O. Box 85266, San Diego, California 92186-5266 to the attention of Cynthia Lumely.

This petition is forwarded to the Office of the Attorney General for safe-keeping and for future use. The petition should be kept in the event an Order to Show Cause should issue by this Court or in the event the petition is required for any purpose by this or any other Court. This Court will not reproduce any portion of the record in the future.

Furthermore, due to the enormous number of writ petitions now on file with this Court, the Court requires additional time to process each petition. Accordingly, the Court, on its own motion, is extending time to rule on the Writ of Habeas Corpus pursuant to California Rules of Court, rule 4.551(h).

The Court hereby orders the time for ruling on petitioner's writ of habeas corpus extended to July 30, 2007.

The clerk is directed to give notice to petitioner and the Office of the Attorney General.

A true copy of this minute order is sent via U.S. Mail to the following parties:

Tossie Bennett
D-72735
California State Prison, Solano
P.O. Box 4000
Vacaville, California 95696-4000

Department of Justice
Office of the Attorney General of the State of California
110 West A Street, Suite 1100
San Diego, CA 92101
Attn.: Cynthia Lumely



Minutes Entered
05-04-07
County Clerk

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Clara Shortridge Foltz Criminal Justice Center, 210 West Temple Street, Los Angeles, CA 90012 | CONFORMED COPY OF ORIGINAL FILED Los Angeles Superior Court JUL 24 2007 John A. Clarke, Executive Officer/Clerk By ________, Deputy Joseph M. Pulido |
| PLAINTIFF/PETITIONER: TOSSIE BENNETT | |
| **CLERK'S CERTIFICATE OF MAILING** CCP, § 1013(a) Cal. Rules of Court, rule 2(a)(1) | CASE NUMBER: BH004470 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served:

- ☐ Order Extending Time
- ☐ Order to Show Cause
- ☐ Order for Informal Response
- ☐ Order for Supplemental Pleading
- ☑ Order re: Writ of Habeas Corpus
- ☐ Copy of Petition for Writ of Habeas Corpus for appointed counsel
- ☐ Order re:
- ☑ Copy of Petition for Writ of Habeas Corpus for the Attorney General

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to the cause. I served this document by placing true copies in envelopes addressed as shown below and then by sealing and placing them for collection; stamping or metering with first-class, prepaid postage; and mailing on the date stated below, in the United States mail at Los Angeles County, California, following standard court practices.

July 24, 2007
DATED AND DEPOSITED

JOHN A. CLARKE, Executive Officer/Clerk

By: ________________, Clerk
Joseph M. Pulido

Tossie Bennett
D-72735
California State Prison, Solano
P.O. Box 4000
Vacaville, California 95696-4000

Department of Justice
Office of the Attorney General of the State of California
Gregory J. Marcot, Deputy Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT 100

| | | | |
|---|---|---|---|
| Date: JUNE 27, 2007 | | | |
| Honorable: STEVEN R. VAN SICKLEN | Judge | JOSEPH M. PULIDO | Deputy Clerk |
| NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH004470
In re,
TOSSIE BENNETT,
Petitioner,
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

Nature of Proceedings: ORDER RE: WRIT OF HABEAS CORPUS

The Court has read and considered petitioner's writ of habeas corpus filed on January 19, 2006. Having independently reviewed the record, giving deference to the broad discretion of the Board of Parole Hearings (hereafter "Board") in parole matters, the Court concludes that the record contains "some evidence" to support the Board's finding that petitioner is unsuitable for parole (See Cal. Code Reg. Tit. 15, §2402; *In re Rosenkrantz* (2002) 29 Cal.4th 616, 667 (hereafter *Rosenkrantz*).)

Petitioner was received in the Department of Corrections on March 6, 1989 after a conviction for second-degree murder with use of a firearm. He was sentenced to fifteen years to life plus a two year enhancement. His minimum parole eligibility date was March 6, 1999. The record reflects that on May 28, 1987, petitioner was drinking at home with his girlfriend and step-daughter. After they left the house, petitioner's ex-wife came over to drink. Witnesses indicated that they heard four shots and saw petitioner shoot the victim. The victim was struck twice and died as a result of the gunshot wounds. Petitioner owed the victim money. Petitioner denies any involvement in the offense, claiming that the victim was a drug dealer.

The Board found petitioner unsuitable for parole after a parole consideration hearing held on July 12, 2006, which he opted not to attend. Petitioner was denied parole for four years. The Board concluded that petitioner was unsuitable for parole and would pose an unreasonable risk of danger to society and a threat to public safety. The Board based its decision on several factors, including his commitment offense.

The Court finds that there is some evidence to support the board's finding that "the motive for the crime is inexplicable or very trivial in relation to the offense" (Cal. Code Regs., tit. 15, §2402, subd. (c)(1)(E).) "To fit the regulatory description, the motive must be materially less significant (or more "trivial") than those which conventionally drive people to commit the offense in question, and therefore more indicative of a risk of danger to society if the prisoner is released than is ordinarily present." (*In re Scott* (2004) 119 Cal.App.4th 871, at 893.) In this case, petitioner shot and killed the victim over a dispute regarding money owed to the victim. The Board found this motive is materially less significant than those that conventionally drive people to commit second-degree murder and there is some evidence to support that finding.

The Board found that petitioner has not engaged in institutional activities that "indicate an enhanced ability to function within the law upon release" (Cal. Code Regs., tit. 15, §2402, subd. (d)(9).) Petitioner has not



Minutes Entered
06-27-07
County Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DEPT 100

| | | | |
|---|---|---|---|
| Date: JUNE 27, 2007 | | | |
| Honorable: STEVEN R. VAN SICKLEN | Judge | JOSEPH M. PULIDO | Deputy Clerk |
| NONE | Bailiff | NONE | Reporter |

(Parties and Counsel checked if present)

BH004470
In re,
TOSSIE BENNETT,
Petitioner,
On Habeas Corpus

Counsel for Petitioner:

Counsel for Respondent:

participated in self-help programming during his incarceration. He attended a stress management class in 2005 and participated briefly in alcoholics anonymous in 1995 and 1996. The Board was concerned that petitioner continues to deny his problem with alcohol or drugs. This is particularly troubling since he was drinking at the time of the commitment offense. He was convicted twice of driving under the influence and received a CDC 115 in 2000 for possession of marijuana. The psychological evaluations were unfavorable, noting that he has a history of alcohol abuse and has not programmed to gain insight into the problem. Because of this denial, the last two psychological reports found it difficult to ascertain his risk of dangerousness to society. There is some evidence to support the Board's finding of unsuitability based on petitioner's lack of positive institutional programming. Therefore, the Court rejects petitioner's contention that he was denied parole solely on the basis of the unchanging circumstances of the commitment offense.

Accordingly, the petition is denied.

The clerk is directed to give notice to petitioner and the Office of the Attorney General.

The court order is signed and filed this date.

A true copy of this minute order is sent via U.S. Mail to the following parties:

Tossie Bennett
D-72735
California State Prison, Solano
P.O. Box 4000
Vacaville, California 95696-4000

Department of Justice
Office of the Attorney General of the State of California
110 West A Street, Suite 1100
San Diego, California 92101
Attn.: Cynthia Lumely



Minutes Entered
06-27-07
County Clerk

# PROOF OF SERVICE BY MAIL

## BY PRISONER "IN PRO PER"

I hereby certify that I am over the age of 18 years of age, that I am representing myself, and that I am a prison inmate.

TOSSIE BENNETT, D-72735

My prison address is: California State Prison - Solano
Housing: 15-F-5L
P.O. Box 4000
Vacaville, California 95696-4000

On the "*date*" specified below, I served the following document(s) on the parties listed below by delivering them in an envelope to prison authorities for deposit in the United States Mail pursuant to the "Prison Mailbox Rule":

**Case Name:** BENNETT VS.D.K.SISTO,WARDEN ET AL RESPONDENTS, **Case #:** A642576 ~~BH004470~~

**Document(s) Served:**

PETITION FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM WITH EXHIBIT "A" AND ATTACHMENT TO RIT UNDER CAL.EVID.CODE §§140,190,210,250.

The envelope(s), with postage fully pre-paid or with a prison Trust Account Withdrawal Form attached pursuant to prison regulations, was/were addressed as follows:

CLERK OF THE COURT
CALIFORNIA APPELLATE COURT
SECOND APPELLATE DISTRICT
300 S.SPRING STREET,
FLOOR 2,N.TOWER
LOS ANGELES, CA. 90013-1213

CLERK,please make the necessary copies under judicial comity and serve the parties in the interest of justice.Petitioner is too indigent to pay the xerox copy cost at 10¢ per page.Please return filed copy in the s.a.s.e.,enclosed.I thank you in advance.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on AUGUST 2ND 2007, in Vacaville, California.

"*date*"

Signature: Tossie Bennett

Printed Name: TOSSIE BENNETT, D-72735,
43.15-F5L

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: IN THE SUPERIOR COURT OF LOS ANGELES COUNTY OF LOS ANGELES.

(2) Nature of proceeding (for example, "habeas corpus petition"): PETITION FOR WRIT OF HABEAS CORPUS

(3) Issues raised: (a) PETITIONER RAISED THE SAME HABEAS CLAIMS NOW BEFORE THE

(b) COURT EXCEPT HABEAS CLAIM THREE WHICH WAS RAISED IN COURT OF APPEAL.

(4) Result *(Attach order or explain why unavailable)*: HABEAS CORPUS REVIEW & RELIEF DENIED.

(5) Date of decision: HABEAS CORPUS PETITION DENIED JUNE 27,2007,SEE ORDER ATTACHED.

b. (1) Name of court: IN THE COURT OF APPEAL SECOND APPELLATE DISTRICT.

(2) Nature of proceeding: PETITION FOR WRIT OF HABEAS CORPUS.

(3) Issues raised: (a) PETITIONER RAISED THE SAME THREE HABEAS CLAIMS IN COURT OF

(b) APPEAL AS IN THE INSTANT **"PETITION FOR REVIEW"**.

(4) Result *(Attach order or explain why unavailable)*: HABEAS CORPUS REVIEW & RELIEF DENIED.

(5) Date of decision: HABEAS CORPUS PETITION DENIED AUGUST 16,2007 SEE ORDER ATTACHED.

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:
THE SUPERIOR COURT & COURT OF APPEAL DID NOT AFFORD A FACTFINDING HEARING PURSUANT TO THE **"ACT"(AEDPA)**OF APRIL 24,1996;A PRO FORMA DECISION.

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

THE IMMEDIATE HABEAS CLAIMS ARE TIMELY PURSUANT TO THE **"ACT" (AEDPA).**

16. Are you presently represented by counsel? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known:
PETITIONER MAKE UP THE INSTANT **"PETITION FOR REVIEW"** WITH THE HAND OF JAILHOUSE LAWYER.SEE **JOHNSON V.AVERY**(1969)21 LEd 2d 718.

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☐ No. If yes, explain:

**SEE USDC CASE NO:2:06-CV-00635 MCE DAD.STILL PENDING TODATE.**

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:
THIS IS THE CORRECT COURT TO FILE **"PETITION FOR REVIEW"** DEJURE DEFACTO.

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true

Date: **AUGUST 22ND 2007**

▶ Jessie Bennett
(SIGNATURE OF PETITIONER)

COURT OF APPEAL - SECOND DIS
FILED
AUG 09 2007
JOSEPH A. LANE Clerk
Deputy Clerk

MC-275

Name TOSSIE BENNETT AN "ADA"
Address C.S.P. SOLANO II, 15-F-5L
P. O. BOX 4000
VACAVILLE, CA. 95696-4000
CDC or ID Number D-72735

IN THE CALIFORNIA APPELLATE COURT
SECOND APPELLATE DISTRICT
(Court)

TOSSIE BENNETT,
PETITIONER,
VS.
D.K.SISTO, WARDEN,
LINDA SHELTON, PRESIDING COMM.,
JAMES NIELSEN, DEPUTY COMM.,
MILTON SIMS, DEPUTY D.A.,
MICHAEL BROWN, SERVICES REPRESENTATIVE,
KENNETH GRIFFIN, VICTIM'S BROTHER,
MARIE HAYWOOD, VICTIM'S MOTHER,
ESHA MAE BROWN, VICTIM'S DAUGHTER,
BOARD OF PAROLE HEARINGS,
et al RESPONDENTS,

PETITION FOR WRIT OF HABEAS CORPUS AD SUBJICIENDUM

No B201127
(To be supplied by the Clerk of the Court)

COMPTON SUPERIOR COURT
CASE NO. A642576. HABEAS CORPUS NO. BH004470.

ᴺD CAREFULLY

...minal conviction and are filing this petition in the ... made the order.

...s of your confinement and are filing this petition in the Superior Court, ...ounty in which you are confined.

- Read the entire form *before* answering any questions.
- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.
- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."
- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.
- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.
- Notify the Clerk of the Court in writing if you change your address after filing your petition.
- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re<br>TOSSIE BENNETT,<br>on<br>Habeas Corpus. | B201127<br>(L.A.S.C. No. A642576)<br>ORDER |

COURT OF APPEAL - SECOND DIST.
FILED
AUG 16 2007
JOSEPH A. LANE Clerk
P. GONZALEZ Deputy Clerk

THE COURT*:

The petition for writ of habeas corpus, filed August 9, 2007, has been read and considered.

The petition is denied.

*MALLANO, Acting P. J. VOGEL, J. ROTHSCHILD, J.

# PROOF OF SERVICE BY MAIL

## BY PRISONER "IN PRO PER"

I hereby certify that I am over the age of 18 years of age, that I am representing myself, and that I am a prison inmate.

My prison address is:
TOSSIE BENNETT, D-72735
California State Prison - Solano
Housing: 15-F-5L
P.O. Box 4000
Vacaville, California 95696-4000

On the "*date*" specified below, I served the following document(s) on the parties listed below by delivering them in an envelope to prison authorities for deposit in the United States Mail pursuant to the "Prison Mailbox Rule":

Case Name: BENNETT V.D.K.SISTO,WARDEN, BOARD OF PAROLE HEARINGS et al RESPONDENTS, Case #: L.A.NO:A642576

Document(s) Served:

"PETITION FOR REVIEW" WITH EXHIBIT "A" BPH TRANSCRIPT TO INCLUDE SASE ENCLOSED FOR CLERK OF THE COURT TO RETURN FILED COPY.

The envelope(s), with postage fully pre-paid or with a prison Trust Account Withdrawal Form attached pursuant to prison regulations, was/were addressed as follows:

CLERK OF THE COURT
SUPREME COURT OF CALIFORNIA
350 McALLISTER STREET
SAN FRANCISCO, CA. 94102-7303

Clerk,please kame the extra copies of habeas corpus and serve the parties under judicial comity because prisoner cannot purchase said copies at 10-CENTS PER PAGE.PRISONER IS INDIGENT.PLEASE RETURN FILED COPY IN THE ATTACHED SASE.I THANK YOU MADAM/SIR IN ADVANCE.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on AUGUST 22ND 2007, in Vacaville, California.

"*date*"

Signature: Tossie Bennett

Printed Name: TOSSIE BENNETT, D-72735,15-F-5L

33 PP

SUBSEQUENT PAROLE CONSIDERATION HEARING

STATE OF CALIFORNIA

BOARD OF PAROLE HEARINGS

INMATE COPY

In the matter of the Life )
Term Parole Consideration )
Hearing of: ) CDC Number D-72735
)
TOSSIE BENNETT )
)
___________________________)

CALIFORNIA STATE PRISON

SOLANO, CALIFORNIA

JULY 12, 2006

8:45 A.M.

PANEL PRESENT:

Ms. Linda Shelton, Presiding Commissioner
Mr. James Nielsen, Deputy Commissioner

OTHERS PRESENT:

Mr. Mark Norton, Attorney for Inmate
Mr. Milton Sims, Deputy District Attorney
Mr. Michael Brown
Mr. Kenneth Griffin
Ms. Esha Mae Brown
Ms. Marie Haywood
Correctional Officers Unidentified

CORRECTIONS TO THE DECISION HAVE BEEN MADE

__________ No See Review of Hearing

__________ Yes Transcript Memorandum

**Kathy P. Taylor, Northern California Court Reporters**

EXHIBIT "A"
FEDERAL RULES OF EVIDENCE
RULE 201.

EXHIBIT "A"
CAL. EVIDENCE CODE:
140, 190, 210, 250.

INDEX

Proceedings..............................1
Case Factors..............................8
Pre-Commitment Factors....................11
Post-Commitment Factors...................13
Parole Plans..............................18
Closing...................................21
Decision..................................26
Adjournment...............................32
Transcriber's Certificate.................33

"TRANSCRIPT"
PAGES: 3, 5, 8, 11, 13, 15, 24, 18,
HABEAS CORPUS ARGUMENT/CLAIMS.

P R O C E E D I N G S

**PRESIDING COMMISSIONER SHELTON:** Consideration hearing for Tossie, T-O-S-S-I-E, Bennett, B-E-N-N-E-T-T, CDC Number D, as in David, 72735. Today's date is July 12th, 2006. The time is 8:45 a.m., and we are located at CSP Solano. Mr. Bennett was received on December 9th, 1987, committed from Los Angeles County. His life term began on March 6, 1989, with a minimum eligible parole date of March 6th, 1999. Controlling offense for which Mr. Bennett was committed is set forth in Case Number A-642576, charging in Count 1 violation P.C. 187, murder in the second degree with the use of a firearm, 12022.5(q)(c). Mr. Bennett received a term of 15, plus two for enhancement, to life, totalling 17 years to life. All right, this hearing is being tape recorded, and for the purpose of voice identification, we will go around the room, say our first name and our last name, and spell our last name. And I will start and go to my left.

My name is Linda Shelton, S-H-E-L-T-O-N, Commissioner.

**DEPUTY COMMISSIONER NIELSEN:** James N-I-E-L-S-E-N Nielsen, Deputy Commissioner.

**ATTORNEY NORTON:** Mark Norton, N-O-R-T-O-N. I am the attorney for Mr. Tossie Bennett.

**DEPUTY DISTRICT ATTORNEY SIMS:** Milton Sims,

S-I-M-S, Deputy District Attorney, Los Angeles County.

**MR. BROWN:** Michael Brown, B-R-O-W-N, (inaudible) Services Representative.

**MR. GRIFFIN:** Kenneth Griffin, G-R-I-F-F-I-N. I'm the victim's brother.

**MS. HAYWOOD:** Marie Haywood, H-A-Y-W-O-O-D. I'm the victim's mother.

**MS. BROWN:** Esha (phonetic) Mae Brown, B-R-O-W-N. I'm the victim's daughter.

**PRESIDING COMMISSIONER SHELTON:** Thank you. And we have a correctional officer in here for observation purposes. All right, we'll move ahead. For the record, I would like to indicate that the inmate, Tossie Bennett, has signed a waiver of his right to attend hearing and has requested his counsel to represent him, and I have his signature and date as of today, July 12th, 2006. So we will move forward without him. Commissioner, do we have any confidential information?

**DEPUTY COMMISSIONER NIELSEN:** No, we do not.

**PRESIDING COMMISSIONER SHELTON:** All right. I'll pass the hearing checklist over. Mr. Sims, have you got all the documents you need to proceed?

**DEPUTY DISTRICT ATTORNEY SIMS:** Yes, I'm in possession of all documents, and I'll initial same on the document.

**ATTORNEY NORTON:** Yes, and I already initialled it. I, too, am in possession of those documents.

**PRESIDING COMMISSIONER SHELTON:** Thank you, Mr. Norton. Are there any additional documents to be presented?

**ATTORNEY NORTON:** There are none.

**PRESIDING COMMISSIONER SHELTON:** Are there any preliminary objections?

**ATTORNEY NORTON:** There are. First of all, I would like to make an objection on behalf of Mr. Bennett that the panel's characterization of this hearing is one where the panel determines my client's suitability for parole. Under Penal Code section 3041, Subsection 8 states that my client shall normally have a parole release date set at this hearing. Section 3041(b) states that a parole date shall be set unless the panel finds certain factors for unsuitability proven. The statutory presumption has been so held in Dannenburg (phonetic) and Ramirez out of Meridian County Superior Court and by several federal district courts. Thus the law presumes that my client is suitable, while giving this panel the responsibility and authority to determine if a preponderance of the reliable evidence demonstrates that he is nonetheless unsuitable because the panel finds that the evidence shows he'll pose an unreasonable risk of danger to society if released on

parole. This hearing, therefore, is to determine by substantial evidence if my client is unsuitable for parole. I would like to object for the record at the panel's characterization of this hearing today. Secondly, my second objection would be that my client does not admit to the official version and facts of this offense, and under Penal Code Section 5011, the board may not require an admission of guilt to any crime as a condition of setting for a parole date. And additionally, under Title 15 Section 2236, the board shall not require an admission of guilt, and the prisoner may refuse to discuss the facts of the crime. That is Mr. Bennett's position today, and I'd like to go on record that -- that this board has a policy of no parole for those inmates who do not admit culpability of a crime for which they have been convicted. With that, I will submit my objections.

**PRESIDING COMMISSIONER SHELTON:** Thank you, Mr. Norton. And I will subsequently overrule both objections. With regards to your first objection, we are well aware of what it takes to determine parole suitability, and we operate in that arena. We take all the factors into consideration, and we will do the same with Mr. Bennett, whether he's here or not. As well, there is not -- this -- this board, this panel does not have a policy that indicates someone needs to admit to their offense. We indicate into

the record, and I'll quote, 'you are not required to admit to and discuss your offense.' However, this panel does accept as true the findings of the Court. But I appreciate your putting your objections on the record.

**DEPUTY COMMISSIONER NIELSEN:** To the Chair, if I may, also.

**PRESIDING COMMISSIONER SHELTON:** Certainly.

**DEPUTY COMMISSIONER NIELSEN:** Case law overwhelmingly poles our test is to make findings of, quote, 'some evidence.' We are required, of course, to consider all relevant evidence. But in terms of supporting our findings, it's only required that we find some evidence, and that's longstanding and overwhelming case law.

**PRESIDING COMMISSIONER SHELTON:** All right. The next part of this hearing is to review the summary of the offense, to go over the inmate's prior record, and to also discuss his personal history. What I plan to do, with permission from both attorneys, is to incorporate by reference the offense summary as listed in the March 2002 board report on Page 1, and as well, the Appellate Court decision dated -- it was actually filed on November 30th, 1988, and that will be Pages 2 and 3. Does that meet with both of your approval?

**ATTORNEY NORTON:** So stipulated.

**DEPUTY DISTRICT ATTORNEY SIMS:** So stipulated.

**PRESIDING COMMISSIONER SHELTON:** Thank you. All right. Mr. Norton, since you are representing Mr. Bennett, who is not in presence today, I'll let you address his version of the situation.

**ATTORNEY NORTON:** Okay. Mr. Bennett states that he had been off work for approximately one week prior to this incident. The victim lives down the street and had been drinking with him and his ex-wife, Rosie, and stepdaughter, Kathy, throughout the entire Memorial holiday. On May 28th, 1987, the defendant's girlfriend, Camerel (phonetic) and his stepdaughter, Kathy, left the house. Bennett was home alone when Rosie came by and left. Bennett went to sleep about midnight. Rosie came back for something to drink. Bennett let her in, and they started watching television. Rosie asked if she could spend the night. Bennett heard some gunshots. About five minutes later, Kathy knocked on the door and came inside and whispered something to her mother. Kathy was drunk and made a smart remark, so Bennett slapped her. Kathy left the house. Rosie looked outside the window and then walked outside and saw Jerome. He had been selling dope in front of the house. Bennett states he did not shoot Jerome. Bennett claims he did not even have or own a gun. Bennett claims the area is one of the worst spots for dope deals in the

Carson Sheriff's area. Bennett further stated there were no hard feelings between him and Jerome. Bennett further claims that Jerome had been at his home earlier drinking. Bennett further claims that the only witness to testify against him, Kathy, recanted her testimony in October of 1991. And with that, I will submit.

**PRESIDING COMMISSIONER SHELTON:** Thank you, sir.

**DEPUTY DISTRICT ATTORNEY SIMS:** May I respond?

**PRESIDING COMMISSIONER SHELTON:** Certainly.

**DEPUTY DISTRICT ATTORNEY SIMS:** According to the 1997 transcript, which I read this morning, the inmate himself, before that particular board, denied having any knowledge that Mr. Brown was selling dope on the streets or even that Mr. Brown was a dope seller. I believe it's on Page 16 or so.

**PRESIDING COMMISSIONER SHELTON:** Okay. Thank you.

**ATTORNEY NORTON:** I'm sorry, Counsel, did you say --

**DEPUTY DISTRICT ATTORNEY SIMS:** Pardon me. Mr. -- the victim in this matter was -- Mr. Bennett denied having any knowledge that --

**PRESIDING COMMISSIONER SHELTON:** The victim is Mr. Brown.

**DEPUTY DISTRICT ATTORNEY SIMS:** Yeah, that Mr. Brown was selling any dope or that he was in fact

selling any dope at all, any personal knowledge.

**ATTORNEY NORTON:** What -- I'm sorry, you said that that was the 1997 transcript?

**DEPUTY DISTRICT ATTORNEY SIMS:** Just a second. Let me look.

**ATTORNEY NORTON:** Thank you.

**DEPUTY COMMISSIONER NIELSEN:** Probably 1998.

**DEPUTY DISTRICT ATTORNEY SIMS:** Yeah.

**ATTORNEY NORTON:** Is that the decision, Counsel?

**DEPUTY DISTRICT ATTORNEY SIMS:** Yeah, that's from your client's testimony at that hearing.

**ATTORNEY NORTON:** Yeah, I will object to that insofar as I don't have a copy of that transcript, so I can't --

**DEPUTY COMMISSIONER NIELSEN:** We'll provide it for you if you want to -- it's in the slough file, which is available to both counsel prior to the hearing.

**ATTORNEY NORTON:** If it's not in the C file, I have not seen the slough file, and the ten-day rule states that I need to have that -- any documents intended for the hearing. If it's not in the C file, then I did not have access to that, so I would object to the inclusion of --

**PRESIDING COMMISSIONER SHELTON:** I will sustain your objection.

**ATTORNEY NORTON:** Thank you.

**PRESIDING COMMISSIONER SHELTON:** Let's move forward. We're going to deal with pre-conviction factors, which is a discussion of Mr. Bennett's prior record. According to what I have in front of me, he has no juvenile record, has had several adult convictions and arrests that I will just take from this board report. On June 16th, 1963, Bennett was convicted of battery and disturbing the peace, and he was sentenced to 90 days in the county jail, with 60 days suspended and two years of probation. In March of '72, he was convicted of reckless driving, fined $200, ordered to serve ten days in the county jail. And he had possession of a switchblade knife, and he was sentenced to a $25 fine and five days in the county jail. He was fined $125 and sentenced to 24 months for a conviction of driving under the influence of alcohol on February 14th, 1975. He was again convicted of a DUI on November 26, 1975, at which time he was sentenced to 18 months summary probation and sentenced to ten days county jail and fined $250. In September of '78 he pled guilty to carrying a loaded firearm and was placed on 12 months summary probation and fined $70. June 4th, 1980, Bennett pled guilty to a violation of Penal Code 12022.5(a), which is carrying a concealed firearm, and 12031(a), carrying a loaded firearm. July 18th, 1980, probation was denied and the prisoner was

sentenced to six months in the county jail. He was arrested in June of 1980 by the Los Angeles Sheriff's Department for violation of P.C. 273, inflicting injury on a child. May 28, '87 Bennett was arrested for attempted murder. He was convicted of second-degree murder on October 6th, 1987. His social history includes the following. And since he is not with us today, it will be hard to elaborate, but I will go through what we have in front of us. Mr. Bennett was born in April 8, 1934 in Henrietta, Oklahoma. His father is deceased, and his mother live in Los Angeles, California. He has two sisters and one brother, one of the sisters with whom he would be residing is retired as a unit supervisor with the California Department of Corrections Parole and Community Division in North Hollywood, California. Bennett completed the 11th grade of high school. He worked as a trucker and a tablet maker. He has a Protestant Baptist background. Currently has a bullet in back on his left shoulder and has had trouble with gastrointestinal ulcers in the past. He has been married twice. His first wife, Rosalind Green, divorced because of incompatibility. They had four children and were married for 12 years. He later married Patricia Trotter. He has a total of six children. Bennett is currently -- at least at the time of this writing -- ~~71~~ 72 years old, and

underwent triple bypass surgery in December of '02. Actually, I think he's close to 73 years old now. Counsel, is there anything you wish to add with regards to any additional information for his social history?

**ATTORNEY NORTON:** No.

**PRESIDING COMMISSIONER SHELTON:** Okay. All right, we go to post-conviction factors. Commissioner?

**DEPUTY COMMISSIONER NIELSEN:** Mr. Bennett has accrued a 115 for possession of marijuana in 2000. That particular disciplinary does stand. It was found that the failure of staff to, quote, adhere to time constraints pursuant to CCR 3320, work time credit was not going to be denied the inmate, but he did -- was found guilty of the positive test for cannabis. So while he did not suffer a sanction, his 115 stands. As discussed in his last hearing, I don't know how they weighted it. He has accrued two 128's, 6/01 and 12/95. One was smoking, one was failure to adhere to his medical regimen. Conspicuous in his post-conviction is the lack of programming. He did, in '95 and '96, AA. Though we'll talk about that, he has consistently stated he did not have an alcohol problem. He has recently involved himself in stress management in '05, and from the stress management course, did something

called a Commit to Change Plan. The only previous self help was in '96, where he did something called Back to Reality. He has attained no work skills, vocational skills while he has been incarcerated. He has done a good job, ratings from average, above average to excellent as a yard work -- yard worker or porter. And that's all that I have seen in the file. Counsel, have I missed anything?

**ATTORNEY NORTON:** No, I believe that -- that covers it.

**DEPUTY DISTRICT ATTORNEY SIMS:** I've reviewed the two previous transcripts to see if any other reviewer found anything more than what I have found. On one of the psych reports it is noted that he obtained a GED in the 1950's. That is the only reference to a GED. I saw no documents. Did you find any, Counsel?

**ATTORNEY NORTON:** I did not.

**DEPUTY DISTRICT ATTORNEY SIMS:** Okay. The psych reports, '92 Willis, talks about the crime. He thinks that his violence potential has decreased being in prison and would be decreased when he was released, he would hold the present gains. He thought he should be maintained on a psychiatric calendar. Galvo, in '97, indicated that the inmate is a member of yard crew, but seems to do very little constructively with his recreational/vocational time.

While he denies almost everything that are his reasons for being incarcerated, as well as his past alcohol use, it's impossible to say anything definitively about his behavior if he were to be paroled. Examiner feels he's not ready and needs a great deal of insight about his own personality make-up. Continued denial of alcoholism can only serve to hurt him. Must get involved with the program and get -- continue it for the rest of his life if any progress is to be made. Galvo diagnosed alcohol abuse by history, antisocial personality disorder by history, and recites a number of health issues that the gentleman faces. Mr. Taylor wrote the next one on '02. Dr. Taylor, a fairly long one, goes on to discuss how he denied committing the crime, plans to go back to court regarding the case. And it indicates that overall, although his age would suggest a low level of danger, but it is difficult to give him a 'clean bill of health,' quote -- 'clean bill of health' in quotes -- with his tendency toward minimization and denial of his behaviors unless he is actually innocent of the murder charge, in which case his responses and actions would be much more reasonable. And that is Taylor in '02. It does indicate his brief tenure in mental health treatment for mild psychiatric symptoms in 2000. It also iterates his denial of having an alcohol abuse

problem. He said that the AA that he did attend was a, quote, 'need to go, it's not a requirement to go.' He only had alcohol problems when he was going through a divorce. That is consistent on the record. He has stated before panels and before evaluators here that he doesn't have an alcohol problem, but he drank some alcohol when he was having some marital problems. Variously, it's claimed even by him that he did consume some fairly substantial amounts of liquor, one fifth of liquor every two days and with greater amounts on the weekend. Even by his own admission, there's quite a bit of alcohol involved, although he, at best, minimizes his alcohol abuse, then hedged on this limited therapy that he be, in '95 and '96, in emersions in AA, but it was a very brief period of time.

**ATTORNEY NORTON:** Excuse me, Commissioner. That reference to one fifth of liquor every other day, where did that come from?

**DEPUTY DISTRICT ATTORNEY SIMS:** POR, and also on the transcript. And then there was another reference of two-thirds to a fifth on the weekend, on the weekend. In other words, he drank more on the weekends. Now, that's not his admission.

**ATTORNEY NORTON:** That's taken from the POR?

**DEPUTY DISTRICT ATTORNEY SIMS:** Yeah.

**ATTORNEY NORTON:** And the transcript of previous

hearings?

**DEPUTY DISTRICT ATTORNEY SIMS:** Uh-huh, yeah.

**ATTORNEY NORTON:** Thank you.

**DEPUTY DISTRICT ATTORNEY SIMS:** He, I would say backhandedly admitted that he was consuming alcohol when he was having some divorce difficulties. In the 1998 transcript, Connig asks him: 'Are you going to address your habit when you get out?' 'Addressing my habit?' Question by Bennett: 'Yeah.' Bennett: 'For what?' 'You had an alcohol habit.' Bennett says, 'Not really an alcohol. I developed a drinking alcohol problem when I had to raise four children as a single parent, but I have coming' -- something that's inaudible -- and it says, 'coming, and I'm now on medication.' So he said, 'I developed a drinking alcohol problem when I had to raise four children as a single parent.' That's the direct reference in the '98 transcript.

**ATTORNEY NORTON:** All right. And I will object to that since I didn't have -- under the ten-day rule -- since I didn't have a copy of that transcript.

**DEPUTY COMMISSIONER NIELSEN:** Okay. Do they not provide those to you when you meet with your client?

**ATTORNEY NORTON:** You know, it's funny. It depends on the institution. But in this one, the only transcript I have is from the 2002. So it

varies.

**DEPUTY COMMISSIONER NIELSEN:** I would -- I would encourage you, Counsel, to be very insistent about that. It is a document -- by the way, your client has one, too.

**ATTORNEY NORTON:** Yes, I am aware of that. And -- yes. Thank you.

**DEPUTY COMMISSIONER NIELSEN:** And I will also indicate that the board takes these transcripts quite seriously.

**ATTORNEY NORTON:** I understand.

**DEPUTY COMMISSIONER NIELSEN:** We are required to, by law, case law and other regulations, consider all evidence and -- relevant evidence -- and that's included.

**ATTORNEY NORTON:** Thank you.

**PRESIDING COMMISSIONER SHELTON:** Okay. Counsel, let me know if you are aware of anything changing with regards to his parole plans; but as listed here, Mr. Bennett indicated that if given a parole date, that he would like to live with his sister, Laura Lewis, who lives in Los Angeles. She is the sister that is retired from the California Department of Corrections and Parole Division. He apparently also indicated that he could live with his brother, Kenneth Bennett, in Riverside, as well. And with regards to employment, he is close to 73 years old,

and he evidently has a pension from a previous employer. And if I recall, I think he was a truck driver for 20 years.

**ATTORNEY NORTON:** That's correct.

**PRESIDING COMMISSIONER SHELTON:** And as well as Social Security benefits. Are you aware of anything besides that?

**ATTORNEY NORTON:** Just I have -- I don't know if the board has letters of support.

**PRESIDING COMMISSIONER SHELTON:** Yeah, I was going there next.

**ATTORNEY NORTON:** Okay. That's fine.

**PRESIDING COMMISSIONER SHELTON:** And then you can fill in if I don't have them all.

**ATTORNEY NORTON:** Thank you.

**PRESIDING COMMISSIONER SHELTON:** I have a letter from Boyce Bennett, who is cousin, and he's the same age, stating he knew him all his life. Worked -- Tossie worked for five years with the Postal Service, 20 years with the City of Los Angeles. It says, We, especially Tossie, are also exceedingly sad for the pain and suffering of the victims in this case. He feels his cousin is no longer a threat because he's old, has had a triple bypass surgery. Anyway, he talks about Tossie's mother and his sister and himself, who are available to help provide support if he were to be released, and he does verify he has a

small pension and Social Security benefits. Then I have a letter from Vern Glover, another cousin. He believes Mr. Bennett is not a threat, as he is sick and elderly, and then also talks about family available to take care of him. Those are the only letters I have.

**ATTORNEY NORTON:** Those are the two letters that he has submitted.

**PRESIDING COMMISSIONER SHELTON:** All right. With regards to letters, as well, for the record, we send out what are called 3042 notices to agencies, and obviously, the victim's next of kin, who respond to -- or can choose to respond to these letters. And we have the Deputy District Attorney here representing Los Angeles County. We also have three family members, a mother, daughter and brother, here, representing their interest, as well. Before we move into closing statements at this time, Mr. Norton, is there anything you would like to add with regards to parole plans?

**ATTORNEY NORTON:** No. Just to reiterate that Mr. Bennett is 73 years old. He's in poor health, had the bypass surgery, walks with a cane, and he does have a pension and Social Security available to him, and it appears from the letters of support that he has places to live if and when he is paroled. Thank you.

**PRESIDING COMMISSIONER SHELTON:** Thank you. All right. Just so you know, the process involved is there will be closing statements. Mr. Sims will be able to make a closing statement, as Mr. Norton will. And who will be speaking here today?

**MS. BROWN:** I will.

**PRESIDING COMMISSIONER SHELTON:** You will?

**MS. BROWN:** Yes.

**PRESIDING COMMISSIONER SHELTON:** Okay. And you will have an opportunity to speak last. Okay?

**MS. BROWN:** Okay.

**PRESIDING COMMISSIONER SHELTON:** Okay. Mr. Sims.

**DEPUTY DISTRICT ATTORNEY SIMS:** Obviously, this is an inmate that's unsuitable for parole. Other than the fact he's gotten older, he's developed some health problems over the years, he remains substantially the same man that was committed to the prison. He was not a young man when he committed this offense. He was 53 years old, I believe. And he's done very little in the way of positive programming. And based upon the seriousness of the commitment crime, at least four shots were fired at the victim from a stationary position from the inmate's residence. I believe two of the shots struck and killed the victim in this matter, Mr. Brown. Apparently, the motive, as stated by the

Court of Appeals, revolved around inmate owing money to the victim, and apparently jealousy over Mr. Brown possibly having slept with the prisoner's 22-year-old girlfriend, making the motive very trivial in relation to the commitment offense. The inmate's previous record shows somewhat of a drinking problem. Also, there's a conviction in 1980 for infliction of injury upon a child. Reckless driving, battery, disturbing the peace, and possession of a switchblade knife. All these were misdemeanors. The inmate has programmed, like I said, in an extremely limited manner. He obviously has a problem with drugs, as is manifested by his recent CDC 115 in 2000 for the heavy marijuana in his blood system. The psychological report, in my opinion, also does not support release. I believe this is a multi-year denial. The inmate has been -- the last few parole boards, has been denied for four years on each of those hearings based upon the same evidence and the same sort of programming that's been shown here today. Thank you.

**PRESIDING COMMISSIONER SHELTON:** Thank you, sir. Mr. Norton.

**ATTORNEY NORTON:** Mr. Bennett has -- he did do stress management in November of 2005. It is true he's done no AA or no NA. His last 115 was in the year 2000, nearly six years ago. And other than

that, he's remained quite -- actually disciplinary free while institutionalized. And I think that speaks to -- and there have been no violent disciplinaries while -- while incarcerated. As the board looks to Mr. Bennett's suitability for parole and whether or not he poses an unreasonable danger to society, I know the board considers all factors. And I'd ask that the board certainly consider his age, his limited mobility, and the fact that he does have solid parole plans and would not be a danger to society or a drain on society, for that matter, because he can support himself. Mr. Bennett has, to me, expressed deep remorse for the loss of Mr. Brown. However, he does continue to deny his involvement in that crime. And I know that the board does consider all evidence, but I would ask that -- that that not be -- if that is a factor that the board uses, I would ask that the board put that on record that that was a factor. And also, as I discussed earlier, we would ask that he be given a parole date today, or in the alternative, one-year denial, and in the interim, if a new psych eval could be done and ordered by this board, I would appreciate that. With that, I'll submit. Thank you.

**PRESIDING COMMISSIONER SHELTON:** Thank you. Why don't you come sit up here. And for the record, will you say your first name and last name and spell your

last name.

**MS. BROWN:** Esha Mae Brown, B-R-O-W-N.

**PRESIDING COMMISSIONER SHELTON:** And you are the daughter?

**MS. BROWN:** Yes.

**PRESIDING COMMISSIONER SHELTON:** Take your time.

**MS. BROWN:** For over 19 years I've been without my dad. And the feelings has just kind of pushed aside. Whenever I think about him, I get kind of emotional. Mostly it's 19 birthdays that are gone, graduations, careers. I just get real angry, mainly because, like, as of today, I'll never know if he's proud of the woman I've become. And I'm never going to -- this is a hard (inaudible). There's a void there. And I was robbed of that. And it's not fair. And since I was robbed of my father, I don't talk about it a lot because it gets -- I can't do anything about it. And I don't even care if Mr. Bennett returns to his family, because my dad can't return to his. I'm just really angry about that. I don't want him talking to his family or catching up on old times, because I can't do that. What really upsets me is I don't know if my dad is proud of me. It's not the same. Everybody says, well, yeah, he's proud. Well, I would never know that. I will never get to hug him. I never get to hear I love you, or I will never get to hear him say, good job, you did

good. And I have more memories to go. My first child, he'll never see. It's just not fair, but that's the way it is.

**PRESIDING COMMISSIONER SHELTON:** Thank you very much, Ms. Brown. Does anybody else care to make a statement? All right, sir, please identify yourself for the record.

**MR. GRIFFIN:** Yes. My name is Kenneth Griffin. I'm the brother of Jerome Brown. And just like she said, she's been robbed of her father, you know. And I feel Mr. Bennett shouldn't return to society, because he's a ticking time bomb when he's out on the streets. I believe that he should spend the rest of his life in the penitentiary because he put -- it's like, you know, what he did to my family and what he did to my brother. Thank you.

**PRESIDING COMMISSIONER SHELTON:** Thank you. Would you care to make a statement?

**MS. HAYWOOD:** It's not the same since he took him away from us. (Inaudible) 19 years.

**PRESIDING COMMISSIONER SHELTON:** I'm sorry. I appreciate your attendance here, and we're going to recess for deliberations right now, and then we'll have you come back in shortly. Thank you very much for your time.

R E C E S S

--oOo--

CALIFORNIA BOARD OF PAROLE HEARINGS

D E C I S I O N

**DEPUTY DISTRICT ATTORNEY SIMS:** On record.

**PRESIDING COMMISSIONER SHELTON:** All right. We are back in the matter of a Subsequent Parole Consideration Hearing for Tossie Bennett, CDC Number D, as in David, 72735. Everyone has returned to the room that were here during the hearing. The panel has reviewed all the information received and relied on the following circumstances in concluding Mr. Bennett is not suitable for parole and would pose an unreasonable risk of danger to society and affect public safety if released from prison. And I'm hoping that Mr. Bennett reads this decision, and it is a four-year denial. And I think Commissioner Nielsen indicated earlier, we reviewed previous transcripts, we have reviewed the information submitted, and we'll go through our decision process right now. First of all, with regards to the commitment offense, we are very much understanding that Mr. Bennett denies any participation in that offense, but since we are required to go with the findings of the Court, that's the direction we're going in. The offense was carried out in an especially cruel and callous manner. It was carried out in a calculated manner. It demonstrated an

Exceptional callous disregard for human suffering, and the motive for the crime was very trivial in relation to the offense. These conclusions are drawn from the statement of facts that came from the March 2006 board report, and the other source documents was the probation officer's report and the Appellate Court ruling that was filed back in -- I think it was 1988, whereby apparently, the victim had some kind of disagreement with Mr. Bennett. There was some money owed, and witnesses indicated that they heard and saw Mr. Bennett shoot Mr. Brown. Apparently there were four shots fired at least. Then he left him there. I won't go into further detail out of respect for the victims that are participating in our hearing today. Previous record: Mr. Bennett has a busy previous adult record. He has no juvenile record. We'll read his priors briefly. He has battery, disturbing the peace. He has several alcohol-related offenses, as in DUI's. He pled guilty to carrying a loaded firearm, concealed weapon, another loaded firearm. He's been involved on probation. He has an escalating pattern of criminal conduct. He's failed previous grants of probation, and -- I'm not sure if he was on parole at the time this happened or not. I don't think he was.

**DEPUTY DISTRICT ATTORNEY SIMS:** No.

He only (inaudible.)

**PRESIDING COMMISSIONER SHELTON:** Thank you, sir. Any -- he also had an unstable social history. I still am not clear as to why he has a bullet in his back. Unfortunately, we weren't able to ask him, and I couldn't find it anywhere in the file.

**DEPUTY DISTRICT ATTORNEY SIMS:** In the transcript -- I believe in one of the transcripts, I believe it was the '97 or '98 one, he said he was shot during -- when he was a victim of a robbery.

**PRESIDING COMMISSIONER SHELTON:** Thank you, Mr. Sims. With regards to institutional behavior, this is one of our largest concerns with Mr. Bennett. Overall, he most recently received a 115 in 2000 for possession of marijuana, and he received two 128's, the last in June of '01. He has been in prison for almost 20 years and has done extraordinarily little in the way of programming. There was made mention that he received a GED somewhere in the 50's, but there's no actual documentation that can be found in the file anywhere. He participated briefly in AA during '95 through '96. He continues to deny that he has any alcohol issues, but his prior record refutes his denial. He did manage to take a stress management class in '05 that also involved a commitment to change plan. But other than that,

There's absolutely no program in here whatsoever. He also failed to participate in a vocation. And granted, now that he's 73, it seems a moot point, but he had time to participate in that early on, and so he has failed to upgrade vocationally, as well as educationally, during his 19 years in custody. So we're concerned especially that he has not participated in any beneficial self-help or treatment programs that might garner him the tools he needs to be more successful in society. Mr. Nielsen reviewed Dr. Willis's, Dr. Galvo and Dr. Taylor's psychological evaluations. Both Dr. Galvo in '97 and Dr. Taylor in '02 indicated that Mr. Bennett was in denial about his alcohol abuse, and both felt that there was some difficulty to ascertain his risk or dangerousness to society because of that. As well, with both those doctors, Mr. Bennett did continue to profess his innocence with regard to involvement in this particular crime. Dr. Taylor specifically indicated it was difficult, quote, to give him a clean bill of health based upon the denial of alcohol abuse and determination of the specific offense. It was indicated that back in 2000, he had a mild -- mild psychological issues. I'm not sure what that was. But we will and have recommended a new psychological evaluation be completed on Mr. Bennett

Prior to his next hearing. With regards to parole plans, he indicates he would like to live with his sister. We have no letter from his sister, Mr. Norton, so you might let him know that it would be recommended that he have a letter from his sister indicating that she would be happy to house him. As well, what he also might do is find out exactly what he's eligible to receive on his pension so he could substantiate that, and potentially, what he might be able to receive for Social Security. That way we would have a better idea of determining his ability to take care of himself. As well, we listened to the P.C. 3042 responses today from the district attorney's office in Los Angeles, and from the victim's mother, daughter and brother, all in opposition to parole at this time. With regards to the positive things that Mr. Bennett has been involved in, I think I mentioned the stress management class in '05, followed up with the commitment to change plan. Prior to that, he -- he did a program in '96 called Back to Reality. He does get good to excellent job ratings as a yard worker and porter. So in a separate decision, the hearing panel finds that the prisoner has been convicted of murder, and it is not reasonable to expect that parole would be granted at a hearing during the next

Four years. Again, as I mentioned previously and won't dwell on, the prisoner committed an especially cruel offense, and it was carried out in a dispassionate manner and demonstrated a callous disregard for human suffering, along with very trivial motivation. Excuse me. Mr. Bennett has a history of prior records that include substantial use of alcohol and carrying weapons. It is -- attempts have been made in the past to work with him through the probation system that have been unsuccessful. He has history of unstable relationships. His programming in the facility is extraordinarily limited. He has done very little to provide himself with a network of support or tools with which he would be able to take care of himself should he be released on parole someday. As well, his psychological evaluations are not supportive, and he did not give us a great deal of insight into his risk at the present time of dangerousness to the community. So as I mentioned earlier, we will be requesting a new psychological. We would also request that Mr. Bennett involve himself in AA/NA and participate in as many self-help programs at he possibly can. Commissioner?

**DEPUTY COMMISSIONER NIELSEN:** Nothing.

**PRESIDING COMMISSIONER SHELTON:** All right.

**DEPUTY COMMISSIONER NIELSEN:** Thank you.

**PRESIDING COMMISSIONER SHELTON:** That concludes this hearing for today. The time is 9:50 a.m.

--oOo--

**PAROLE DENIED FOUR YEARS.**

**THIS DECISION WILL BE FINAL ON** NOV 9 2006.

**YOU WILL BE NOTIFIED, IF PRIOR TO THAT DATE, THE DECISION IS MODIFIED.**

**CERTIFICATE AND**
**DECLARATION OF TRANSCRIBER**

I, KATHY TAYLOR, a duly designated transcriber, Northern California Court Reporters, do hereby declare and certify under penalty of perjury that I have transcribed tape(s) which total one in number and cover a total of pages numbered 1-30, and which recording was duly recorded at CALIFORNIA STATE PRISON SOLANO, VACAVILLE, CALIFORNIA, in the matter of the SUBSEQUENT PAROLE CONSIDERATION HEARING OF TOSSIE BENNETT, CDC NO. 3-72735, ON JULY 12, 2006, and that the foregoing pages constitute a true, complete, and accurate transcription of the aforementioned tape to the best of my ability.

I hereby certify that I am a disinterested party in the above-mentioned matter and have no interest in the outcome of the hearing.

Dated SEPTEMBER 27, 2006, at Jacksonville, Florida.

Kathy Taylor

KATHY P. TAYLOR

TRANSCRIBER

**NORTHERN CALIFORNIA COURT REPORTERS**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TOSSIE BENNETT, AN "ADA" DOB 4/8/1934

v.

Case Number: STATE SUPREME COURT NO:S155733

D. K. SISTO, WARDEN,

BOARD OF PAROLE HEARINGS,

et al RESPONDENTS,

**PROOF OF SERVICE**

I hereby certify that on OCTOBER 31ST, 2007, I served a copy of the attached PETITION FOR WRIT OF HABEAS CORPUS AND APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER.(**EXHIBIT "A" & "B"**) ENCLOSED. by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at C.S.P. SOLANO LEVEL II.:

**(List Name and Address of Each Defendant or Attorney Served)**

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
501 I STREET, SUITE 4-200
SACRAMENTO, CA. 95814-2322

Clerk,the **Five Dollar** filing fee will be paid through my correctional counselor in a seperate envelope addressed to the Clerk of the Court.Said counselor will process filing fee when he get around tuit.Petitioner humbly asks the honorable court to issue an Order appointing an attorney from the federal defender or private att-orney to attain due process law and a release date.Petitioner is an **"ADA" Triple By Pass Heart Surgery,High Blood Pressure and** walk with a cane.The end of justice requires an attorney.Please return filed copy in the enclosed sase.

I declare under penalty of perjury that the foregoing is true and correct.

Tossie Bennett
(Name of Person Completing Service)
**TOSSIE BENNETT,D-72735**