O

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOSSIE BENNETT,<br><br>                    Plaintiff,<br><br>          v.<br><br>D.K. SISTO, et al.,<br><br>                    Defendants. | Case No. 2:07-CV-02367-VAP<br><br>**ORDER DISMISSING PETITION<br>FOR WRIT OF HABEAS CORPUS<br>WITH PREJUDICE** |

     Before the Court is a Petition for Writ of Habeas
Corpus ("Petition") filed by Petitioner Tossie Bennett
("Petitioner").  The Court finds the matter appropriate
for resolution without a hearing.  <u>See</u> Fed. R. Civ. P.
78; L.R. 230(g).  After consideration of the papers in
support of, and opposition to the Petition, the Court
DENIES the Petition.

## I.  BACKGROUND

### A.  Factual Background

     On May 28, 1987, Petitioner, after consuming alcohol,
shot and killed Jerome Brown ("the victim") while Brown

was attempting to sell drugs on the street in front of Petitioner's house.  (Ans., Ex. 2 ("Hearing Tr.") at 6-7.)  The victim lived near the Petitioner and had been drinking with him earlier that day.  (<u>Id.</u> at 7.) Evidence suggests the victim was having an affair with Petitioner's girlfriend and that Petitioner owed the victim $5.00.  (Ans. Ex. 4 at 2; Ans. Ex. 5 ("Probation Report") at 2.)

     Petitioner's daughter witnessed the shooting.  (Ans. at 2.)  After the shooting, Petitioner allegedly shouted at her, "Shut the [expletive] up or you'll end up like [the victim]," then punched her in the face and "dragged her away."  (<u>Id.</u>; Ans. Ex. 4 at 3.)  Petitioner denies that he shot the victim, or even owned a gun.  (Hearing Trans. at 6-7.)  Petitioner states that the area is known for drug activity, apparently implying that the victim's death was related to a drug deal.  (<u>Id.</u>)

**B.  Procedural History**

     On November 3, 1987, a jury convicted Petitioner of murder in the second degree by use of a firearm, in violation of California Penal Code sections 187a and 1202.5.  (Ans., Ex. 1; Ans., Ex. 4 at 1.)  Petitioner was sentenced to imprisonment for a term of seventeen years to life, with the possibility of parole.  (Ans., Ex. 1.)

On July 12, 2006, the Board of Prison Terms ("BPT") held a parole hearing for Petitioner.  (Hearing Tr. at 1.)  Petitioner waived his right to attend the hearing, but was represented by counsel at the hearing.  (Ans., Ex. 2 at 1; Ans., Ex. 3.)  At the conclusion of the parole hearing, the BPT issued its decision on the record denying parole to Mr. Bennett, and explaining the reasons for the denial.  (See Hearing Tr. 24-30.)

On January 16, 2006, Bennett filed a petition for writ of habeas corpus in the Superior Court of California for the County of Los Angeles.  (Ans., Ex. 7 at 1.)  The Superior Court denied the petition, finding "some evidence" existed supporting the BPT's decision to deny Petitioner's parole.  (Id.)  Petitioner appealed to the California Court of Appeal, and the California Supreme Court, both of which denied the petition.  (See Ans., Exs. 7, 8.)

On November 5, 2007, after exhausting his state appeals, Petitioner filed the Petition with this Court, setting forth five claims:

    1.   The Board of Prison Terms ("BPT") did not have "some evidence" to deny parole, depriving Petitioner of his due process rights;

    2.   The BPT improperly relied on special circumstance criteria;

3.   The BPT's denial of parole was contrary to
     <u>California v. Morales</u>, 502 U.S. 62 (1991),
     because Petitioner's underlying offense involved
     only one victim;

4.   Petitioner was deprived of due process because
     he was not notified in advance that the victim's
     family members would attend the BPT hearing;

5.   The Superior Court's denial of habeas review was
     unreasonable.  (Pet. at 6.)

(Doc. No. 1 (Pet.).)  On January 9, 2008, Respondent D.K.
Sisto ("Respondent") filed his Answer, and attached the
following Exhibits:

1.   Abstract of Judgment, dated November 5, 1987
     ("Ex. 1");

2.   Certified Transcript of Petitioner's Parole
     Consideration Hearing on July 12, 2006 ("Hearing
     Transcript");

3.   Waiver of Right to Attend Hearing, dated July
     12, 2006 ("Ex. 3");

4.   <u>People v. Bennett</u>, No. B031662, slip op. (Cal.
     Ct. App. Nov. 30, 1988) ("Ex. 4");

5.   Superior Court of California, County of Los
     Angeles, Probation Officer's Report, filed on
     November 8, 1987 ("Probation Report");

6.   Life Prisoner Evaluation Report for Tossie
     Bennett ("Ex. 6.");

7.   <u>In re: Tossie Bennett</u>, No. BH04470, slip op. (Cal. Super. Ct. Jun 27, 2007) ("Ex. 7");

8.   <u>In re: Tossie Bennett</u>, No. B201127, slip op. (Cal. Ct. App. Aug. 16, 2007) ("Ex. 8"); and

9.   Copy of Docket for <u>In re: Tossie Bennett</u>, No. S155733, Cal. Sup. Ct. ("Ex. 9")

## II.   STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may not grant habeas relief on a claim adjudicated on its merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

> Because "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners,' [federal courts] may review only whether the California-created liberty interest in parole satisfies the 'minimal' procedural requirements of the Due Process Clause. [citation] In other words, "[b]ecause the only federal right at issue is procedural, the relevant inquiry is what process [the petitioner] received, not whether the state court decided the case correctly."

1  Smiley v. Hernandez, No. 06-55727, 2011 WL 343951, *1
2  (9th Cir. Jan. 28, 2011) (citing Swarthout v. Cooke, 562
3  U.S. ___, 2011 WL 197627, at *2 (2011) (per curiam)).
4
5       Thus, when reviewing cases challenging parole
6  suitability determinations, a federal court's decision
7  regarding whether inmates denied parole received due
8  process is a limited inquiry: whether "[t]hey were
9  allowed to speak at their parole hearings and to contest
10 the evidence against them, were afforded access to their
11 records in advance, and were notified as to the reasons
12 why parole was denied."  Swarthout v. Cooke, 562 U.S.
13 ___, 2011 WL 197627 (2011), *2-3 ("When, however, a State
14 creates a liberty interest, the Due Process Clause
15 requires fair procedures for its vindication–and federal
16 courts will review the application of those
17 constitutionally required procedures.  In the context of
18 parole, . . . the procedures required are minimal . . . .
19 The Constitution . . .  does not require more.").  "It is
20 no federal concern . . . whether California's 'some
21 evidence' rule of judicial review (a procedure beyond
22 what the Constitution demands) was correctly applied."
23 Id.
24
25
26
27
28

### III.  DISCUSSION

Here, as in <u>Swarthout</u>, Bennett received adequate process.  Although Petitioner waived his right to attend the parole hearing, Petitioner's attorney spoke on his behalf, contested the evidence against Petitioner, and offered evidence in support of Petitioner's parole.  (<u>See</u> Hearing Tr. 1:25-2:20, 16:17-18:27, 20:24-21:24; Ex. 3 at 1.)  Further, the hearing transcript indicates Petitioner's attorney received the relevant documents to review, and that Petitioner was afforded access to review his file.  (Hearing Tr. 2:22-3:5, 15:4-16:16.)  Finally, Petitioner was notified of the reasons why parole was denied.  (Hearing Tr. 24:1-30-30:3.)

Accordingly, as Petitioner was permitted to speak at his hearing and to contest the evidence against him, was afforded access to his records in advance of the hearing, and was notified why parole was denied, under <u>Swarthout</u>, the parole hearing did not violate Bennett's procedural due process rights.  <u>Swarthout</u>, 2011 U.S. 197627 at *2-3; <u>Smiley</u>, 2011 WL 343951 at *1. The Court therefore DISMISSES Bennett's Petition.

1          **IV.   CONCLUSION**

2        For the foregoing reasons, the Court DISMISSES

3    Petitioner Tossie Bennett's Petition for Writ of Habeas

4    Corpus WITH PREJUDICE.

5

6

7    Dated: <u>February 17, 2011</u>    _____

8                                     VIRGINIA A. PHILLIPS
                                      United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28